PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE M. JOHNSON, | ) | |
| | ) | CASE NO. 5:22CV641 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LOANDEPOT.COM, LLC, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 11] |

Pending before the Court is Defendant loanDepot's Motion to Dismiss Counts I and II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 11. Plaintiff responded in opposition, maintaining the claim raised in Count I, while withdrawing Count II. *See* ECF No. 16. Defendant replied in support of the Motion to Dismiss. *See* ECF No. 18. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss as to Count I. Count II is withdrawn.

## I.    Background

This case comes before the Court following its removal from the Court of Common Pleas on Stark County, Ohio pursuant to 28 U.S.C. § 1446(a). On July 10, 2014, Plaintiff Johnson entered a loan secured by a mortgage on a property located at 221 Smith Ave. SW, Canton, Ohio. Defendant was the loan servicer. On or about March 15, 2021, Plaintiff sent correspondence to Defendant at an address in Plano, Texas ("Designated Address") requesting information related to the servicing of the Loan. Plaintiff alleged that Defendant received Requests for Information ("RFI") #1 and #2 on or before March 22, 2021, but neither Plaintiff

(5:22CV641)

nor Plaintiff's counsel received any written acknowledgment or response to RFI #2 as of April 27, 2021.  On or about April 27, 2021, Plaintiff sent correspondence to Defendant at the Designated Address.  Plaintiff did not receive any written acknowledgment of RFI #1 as of June 1, 2021.  Between June 2021 and September 2021, several additional RFIs and Notices of Error ("NOE") were sent to Defendant.

On or about September 7, 2021, Plaintiff alleges that she spoke with a representative of Defendant via telephone and was informed that Defendant was refusing to report Plaintiff's timely payments on her loan to credit reporting agencies ("CRAs") due to receipt of NOE #3— which did not pertain to any payment issues related to the Loan.  In response, on or about September 27, 2021, Plaintiff sent NOE #4 to Defendant.  Defendant responded to NOE #4 on October 28, 2021, denying that errors occurred.  On or about December 2, 2021, Plaintiff sent NOE #5, which Defendant received on or about December 7, 2021.  To date, Plaintiff has not received written response for NOE #5.

## II.    Discussion

In *Armatas v. Pulmonary Physicians, Inc. of Canton, Ohio*, this Court articulated the following standard for review:

> "Following *Twombly* and *Iqbal*, it is well settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*) (internal quotation marks omitted).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform*, 648 F.3d 369 (quoting *Iqbal, 556 U.S. at 678*).  When considering a motion to dismiss, we must "'accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) *(quoting Dubay v. Wells, 506 F.3d 422, 426 (6th Cir. 2007)*).  "We do not, however, need to accept as true legal conclusions couched as factual allegations. *Iqbal, 556 U.S. at 678* (citing *Bell Atl.*

2

(5:22CV641)

> *Corp. v. Twombly,* 550 U.S. 544, 555 (2007)*).*"  *Campbell v. Nationstar Mortg.,*
> 611 F. App'x 288, 291 (6th Cir. 2015).
>
> A pleading must contain a "short and plain statement of the claim showing that
> the pleader is entitled to relief."  *Iqbal,* 556 U.S. at 677-78 *(*quoting Fed. R. Civ.
> P. 8(a)(2)*)*.  Plaintiff is not required to include detailed factual allegations, but
> must provide more than "an unadorned, the-defendant-unlawfully-harmed-me
> accusation."  *Id.* at 678.  A pleading that offers "labels and conclusions" or "a
> formulaic recitation of the elements of a cause of action will not do."  *Twombly,*
> 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]"
> devoid of "further factual enhancement."  *Id.* at 557.  It must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is plausible on its
> face."  *Id.* at 570.  *Armatas v. Pulmonary Physicians, Inc. of Canton, Ohio,*
> *5:21CV1243, 2021 WL 4339841 (N.D. Ohio Sept. 22, 2021), appeal dismissed*
> *sub nom. Armatas v. Pulmonary Physicians, Inc. of Canton, OH, 21-3926, 2022*
> *WL 1090917 (6th Cir. Mar. 16, 2022).*

That standard applies in this case as well.

Count I of Plaintiff's Complaint (ECF No. 1-1 at PageID #: 27-29) alleges that Defendant

violated Ohio's Residential Mortgage Lending Act ("RMLA") when Defendant stopped

furnishing information to CRAs upon receipt of a NOE.  *See* ECF No. 16 at PageID #: 392.

Defendant argues that dismissal is appropriate here because (1) the RMLA is not applicable

because it does not explicitly address if or how a loan servicer reports information to CRAs and

(2) the Fair Credit Reporting Act ("FCRA") preempts state law regulation regarding the

furnishing of information to the CRAs.  *See* ECF No. 11 at PageID #: 335.  As explained below,

in this case, the Court finds that while the applicability of the RMLA requires further

investigation before a final determination can be made, the FCRA preempts the RMLA.

Plaintiff, therefore, is not entitled to relief under Count I.

(5:22CV641)

### A.  Applicability of the RMLA

Plaintiff is correct in noting that two district courts have previously ruled against motions to dismiss regarding RMLA challenges.[1]  The claims at issue in those cases, however, do not mirror what is before this Court.  Furthermore, this Court is not bound by the suggestions rendered by the rulings of other district courts to determine how to proceed on the pending Motion to Dismiss.  *See FirstEnergy Corp. v. Pircio,* 524 F. Supp. 3d 732 (N.D. Ohio 2021); *Collins v. Wickersham*, 862 F. Supp. 2d 649 (E.D. Mich. 2012) (noting that a court's determination on a motion to dismiss for failure to state a claim is a context-specific task that asks of the court to draw on its judicial experience and common sense).

In *Mulkey*, the defendant denied making any false or misleading statements.  *See Mulkey v. Roundpoint Mtge. Servicing Corp*., No. 1:21 CV 01058, 2021 U.S. Dist. LEXIS 234110, at *4 (N.D. Ohio Dec. 6, 2021).  It logically follows that the court would review the facts on record before reaching a conclusion regarding the defendant's statements.  In *Becker*, defendant PennyMac argued that they "had properly applied all of the mortgage payments it received from [plaintiff] Becker and did not make any false or misleading statements."  *See Becker v. PennyMac Loan Services, LLC*, 583 F. Supp. 3d 1090 (S.D. Ohio 2022).

Unlike in *Mulkey* and *Becker*, in the case at bar, Plaintiff has put at issue whether Defendant's suppression of subsequent reporting to credit agencies amounted to a prohibited action under the RMLA.  *See* ECF No. 16 at PageID #: 392.  Plaintiff correctly notes that the

---

[1]  In Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (ECF No. 16), Plaintiff cites to two district court rulings to support the argument that a challenge to a RMLA claim is better served after the motion to dismiss portion of the proceedings. *See Becker v. PennyMac Loan Servs*., LLC, No. 1:20-cv-346, 2022 U.S. Dist. LEXIS 17571, at *30 (S.D. Ohio Feb. 1, 2022); *Mulkey v. Roundpoint Mtge. Servicing Corp*., No. 1:21 CV 01058, 2021 U.S. Dist. LEXIS 234110, at *11-12 (N.D. Ohio Dec. 6, 2021).

4

(5:22CV641)

RMLA prohibits, among other things, mortgage services from "[engaging] in conduct that constitutes improper, fraudulent, or dishonest dealings." R.C. § 1322.40.  Plaintiff contends that it is Defendant's practice to report credit information, and indicates that Defendant's refusal or failure to report the information amounted to a "negative impact on [Plaintiff's] credit standing, effectively punishing them."  *See* ECF No. 16 at PageID #: 392.

The parties concede that there are no allegations of fraudulent conduct or dishonest dealings.  *See* ECF No. 16 at PageID #: 392.  That leaves the question of whether Defendant's actions arise to a level constituting "improper" conduct.  Defendant correctly indicates that "Ohio's Administrative Code provides a *non*-exhaustive list of conduct that constitutes 'improper, fraudulent, or dishonest dealings.'" ECF No. 12 at PageID #: 344 (emphasis added); *see also* O.A.C. § 1301:8-7-16 (providing the non-exhaustive list of conduct).  Defendant argues that the conduct in question, the suppression of credit reporting after receiving a NOE, does not fall within the conduct prohibited within the Ohio Administrative Code.

A fully developed record would aid the Court in assessing Defendant's actions.  While O.A.C. § 1301:8-7-16 contains explicit prohibitions, it is not comprehensive.  Additionally, the language enshrined in the RMLA may, with further investigation, support the argument that Defendant was acting "not in accord with fact, truth, or right procedure" by ceasing to furnish information to CRAs upon receiving a NOE from Plaintiff.  *See FV 1, Inc v. Goodspeed*, 7th Dist. Mahoning No. 10 MA 170, 2012-Ohio-3001, 974 N.E.2d 664.  It follows that the Court, with additional facts, could make a better-informed determination on the applicability of the statute and whether Defendant's actions amount to a violation.

5

(5:22CV641)

### B.  The FCRA Preempts the RMLA

Alternatively, even if the Court were to find the RMLA applicable, and that Defendant's actions were "improper," the Court finds that the claim raised in Count I is preempted by the FCRA.  "The FCRA imposes two broad duties on entities that furnish information to a credit reporting agency: (1) a duty to provide accurate information, § 1681s–2(a); and (2) a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency, § 1681s–2(b)."  *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005).  Defendant is not accused of breaching either of these duties.  Furthermore, the absence of a challenge on federal grounds does not remove the Court's obligation to analyze the conflict between the directives of the RMLA and FCRA.  *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 325 (2015) (noting that the Supremacy Clause "instructs courts [on] what to do when state and federal law clash.").  The FCRA states that "[n]o requirement or prohibition may be imposed under the laws of any [s]tate…with respect to any subject matter regulated under... relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b)(1)(F).

The FCRA is unambiguous as it relates to whom is protected from the imposition of state law.  Plaintiff conceded, in her response to the Motion to Dismiss (ECF No. 16), that courts interpret words in accordance with their ordinary meanings when they are not defined by statute.  *See also Perrin v. United States*, 444 U.S. 37, 42 (1979).  Moreover, Defendant's standing as an entity that "furnish[es] information to consumer reporting agencies" is undisputed.  *See* ECF No. 16 at PageID #: 392 ("Upon the receipt of monthly mortgage payments, [Defendant] engaged in the pattern or practice of reporting this information to credit reporting agencies"); *see also* 15

6

(5:22CV641)

U.S.C. § 1681t(b)(1)(F).  Therefore, the Court concludes that, in this case, the FCRA is

controlling and preempts the RMLA.

### III.    Conclusion

For the reasons stated above, Defendant's Motion to Dismiss Count I of Plaintiff's

Complaint is granted.  Count III and Count IV remain pending for disposition.

Plaintiff shall file an Amended Complaint not later than 7 days from the date of this

ruling.  Defendant shall file any responsive pleading not later than 7 days from the filing of the

Amended Complaint.


IT IS SO ORDERED.


| September 23, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

7