## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ELAINE M. JOHNSON**, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>**LOANDEPOT.COM, LLC, d/b/a LOANDEPOT**,<br><br>    Defendant. | Case No. 5:22-cv-00641-BYP<br><br>Judge Benita Y. Pearson<br><br>Magistrate Judge Amanda M. Knapp |

### PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AGAINST DEFENDANT LOANDEPOT.COM, LLC

Plaintiff Elaine M. Johnson, individually, and on behalf of all others similarly situated, ("Plaintiff"), through Counsel, brings this *FIRST AMENDED* Class Action Complaint Damages against Defendant loanDepot.com, LLC d/b/a/ loanDepot, and consistent with this Court's *Order Granting Defendant's Motion to Dismiss Count 1 of Plaintiff's Complaint* issued on September 23, 2022 (Doc. 25) states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Elaine M. Johnson ("Plaintiff" or "Johnson") is a natural person residing in Stark County, Ohio.

2.      Defendant loanDepot.com, LLC d.b.a. loanDepot ("Defendant" or "loanDepot") is a foreign corporation incorporated under the laws of the State of New Jersey that maintains its headquarters and principal place of business at 1 Mortgage Way, Mount Laurel, NJ 08054.

3.      LoanDepot is a for-profit limited liability company formed and registered under the laws of the State of Delaware, does business in the state of Ohio, and is licensed to do business in the state of Ohio as a foreign for-profit limited liability company.

1

4.     Jurisdiction is appropriately laid in the Court of Common Pleas of Ohio as Plaintiff resides in the State of Ohio, loanDepot conducts business within the State of Ohio, and Plaintiff's causes of action arose within the State of Ohio.

5.     Venue lies in the Court of Common Pleas for Stark County, Ohio as all causes of action arose out of transactions occurring within and concerning real estate located within Stark County, Ohio.

## RESPA AND REGULATION X

6.     Congress enacted the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. (RESPA), in part, to ensure "that consumers throughout the nation are provided with greater and timelier information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). Since "Congress intended RESPA to serve consumer-protection purposes[,] RESPA's provisions relating to loan servicing procedures should be 'construed liberally' to serve the statute's remedial purpose." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665-666 (9th Cir. 2012) (citations omitted).

7.     Pursuant to RESPA, upon receipt of a qualified written request, a servicer, within thirty (30) days, excluding legal public holidays, Saturdays, and Sundays shall:

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—

(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower[.]

12 U.S.C. § 2605(e)(2).

8.      RESPA was amended through the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—in part to add 12 U.S.C. § 2605(k) which imposed further obligations on servicers.

9.      As amended, it is a violation of RESPA for a servicer to "fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

10.     Moreover, in January 2013, pursuant to the authority granted by the Dodd-Frank Wall Street Reform and Consumer Protection Act—Public Law No. 111-203, 124 Stat. 1376 (2010)—the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States—known as "Regulation X" and codified as 12 C.F.R. § 1024.1, *et seq.* Regulation X became effective on January 10, 2014.

11.     Regulation X further expanded servicers' obligations under RESPA because RESPA, as amended, makes it unlawful for a servicer to "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

12.     Regulation X also imposed requirements upon servicers in responding to two (2) new categories of correspondence from borrowers related to their mortgage loans; specifically, Requests for Information ("RFIs") and Notices of Error ("NOEs"). "The CFPB has made this

3

clear in its official interpretation of the regulations: 'A qualified written request is just one form that a written notice of error or information request may take. Thus, the error resolution and information request requirements in §§ 1024.35 and 1024.36 apply as set forth in those sections irrespective of whether the servicer receives a qualified written request.' 12 C.F.R. § 1024, Supp. I." *E.g.*, *Messina v. Green Tree Servicing, LLC*, 210 F.Supp.3d 992, 1007 (N.D. Ill. 2016).

13.     Relative to NOEs, Regulation X provides that "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred…A qualified written request that asserts an error relating to the servicing of a mortgage loan is a notice of error for purposes of this section, and a servicer must comply with all requirements applicable to a notice of error with respect to such qualified written request." 12 C.F.R. § 1024.35(a).

14.     12 C.F.R. § 1024.35(e)(1) provides that a servicer must respond to an NOE by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a phone number, for further assistance" or "[c]onducting a reasonable investigation and providing the borrower with written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a phone number, for further assistance."

15.     12 C.F.R. § 1024.35(i) provides that "[a]fter receipt of a notice of error, a servicer may not, for 60 days, furnish *adverse information* to any consumer reporting agency regarding any payment that is the subject of the notice of error." (Emphasis added).

16.     Similarly, in relation to qualified written requests (QWRs), RESPA provides that "[d]uring the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer *may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request*, to any consumer reporting agency [emphasis added]". 15 U.S.C. § 2605(e)(3).

## STATEMENT OF FACTS

17.     loanDepot is a mortgage "servicer" as that term is defined by 12 C.F.R. § 1024.2(b) and 12 U.S.C. § 2605(k). loanDepot is the current servicer of Plaintiff's and Class (defined *infra*) members' notes, and mortgages on real property that secure those notes (collectively referred to hereinafter as the "loans").

18.     Plaintiff's and Class members' loans are each a "federally related mortgage loan" as defined by RESPA and Regulation X. 12 U.S.C. § 2602(1); 12 C.F.R. § 1024.2(b).

19.     As such, loanDepot is subject to the requirements of RESPA and Regulation X, and does not qualify for the exception for "small servicers"—as defined by 12 C.F.R. § 1026.41(e)(4)—nor for the exemption for a "qualified lender"—as defined by 12 C.F.R. § 617.7000.

20.     Plaintiff and Class members each submitted one or more notices of error to loanDepot—as defined by 12 C.F.R. § 1024.35(a) and/or otherwise falling within the purview of 12 U.S.C. §§ 2605(k)(3) and/or (5) ("NOEs")—or qualified written requests—as defined by 12

U.S.C. § 2605(e)(1)(B)—alleging that there was an error in or related to the servicing of their respective loans (the "Notices").

21.     Plaintiff and Class members each submitted their Notices to loanDepot at the address, email address, and/or facsimile number loanDepot designated for receipt of NOEs pursuant to 12 C.F.R. § 1024.35(c) (the "Designated Address").

22.     Upon receipt of Plaintiff's and Class members' Notices, loanDepot suppressed *all* credit reporting to consumer reporting agencies ("CRAs") related to the Plaintiff's and Class members' loans, including non-adverse information or related to payments outside of the period covered by the Notices.

23.     loanDepot has indicated that "[i]t is [its] practice upon the receipt of any [Notices] to suppress all reporting in order to ensure that there is no negative reporting." *See*, infra.

24.     loanDepot, by suppressing non-adverse information upon the receipt of the Notices caused a negative impact upon Plaintiff's and Class members' credit standing, effectively punishing them for exercising their rights under RESPA and Regulation X.

25.     Because many homeowners sending Notices are those having problems with their loan servicers, this conduct is extremely detrimental as it negatively impacts their credit standing and therefore their ability to refinance their loans with a new lender and servicer.

26.     Subsequently, Plaintiff and certain Class members—*i.e.*, members of the RESPA Class (defined below)—sent NOEs to loanDepot concerning loanDepot's suppression of non-adverse credit information upon receipt of Notices and incurred fees and expenses related to the same ("Subsequent NOEs").

27.     In response to these Subsequent NOEs, loanDepot failed to perform a reasonable investigation into the error(s) related to the suppression of non-adverse information and claimed that there had been no error in their actions in violation of RESPA and Regulation X.

28.     As a result of loanDepot's failure to comply with RESPA and Regulation X, Plaintiff and RESPA Class members were each harmed because they incurred the expenses associated with sending their Inquiries—such as their time, postage, etc.—but they did not receive the information to which they were legally entitled under RESPA and Regulation X. Indeed, because loanDepot "failed to do that which it was obligated to do [under RESPA]" the time and expense associated with Plaintiff's and RESPA Class members' submission of the Inquiries to loanDepot "metamorphosed into damages." *Marais v. Chase Home Fin., LLC*, 24 F.Supp.3d 712, 728 (S.D. Ohio 2014); *Justice v. Ocwen Loan Servicing*, 2015 WL 235738, at *19 (S.D. Ohio 2015); *McMillen v. Resurgent Capital Services, L.P.*, 2015 WL 5308236, at *10 (S.D. Ohio 2015); *Dale v. Selene Fin. LP*, 2016 WL 6024580, at *3 (N.D. Ohio 2016).

29.     Moreover, since loanDepot, upon receipt of the Subsequent NOEs, again suppressed non-adverse credit information for Plaintiff's and the RESPA Class members' loans, loanDepot exacerbated the existing credit damage suffered by Plaintiff and Class members.

30.     Plaintiff and RESPA Class members are asserting claims for relief against loanDepot for breach of the duties owed to them, pursuant to 12 U.S.C. § 2605(k) and 12 C.F.R. § 1024.35.

31.     Plaintiff and RESPA Class members have a private right of action, pursuant to 12 U.S.C. § 2605(f), for the claimed breaches, and RESPA provides for remedies including actual damages, costs, statutory damages, and attorneys' fees. *See* 12 U.S.C. § 2605(f).

### FACTS RELEVANT TO PLAINTIFF

32.     On July 10, 2014, Plaintiff entered into a mortgage loan with loanDepot, which was secured by a mortgage on Plaintiff's principal place of residence.

33.     loanDepot currently services Plaintiff's loan and has serviced Plaintiff's loan at all times relevant to the allegations of this Complaint.

34.     On or about March 15, 2021, Plaintiff, through counsel, sent correspondence to loanDepot at the Designated Address, specifically:

a.  Correspondence captioned "Request for Information Pursuant to 12 C.F.R. § 1024.36" [Tracking No. 70201810000156130506 through which Plaintiff requested information related to the servicing of the Loan including, *inter alia*, a transaction history for the Loan, servicing notes for the Loan, and correspondence concerning loss mitigation attempts as to the Loan ("RFI #1"); and,

b.  Correspondence captioned "Request for information pursuant to 12 C.F.R. § 1024.36 including a request for a payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3)" [Tracking No. 7020181000015613513] through which Plaintiff requested a payoff statement for the Loan and the identity of and contact information for the owner or investor of the Loan ("RFI #2").

*See*, a copy of RFI #1 along with tracking information from the website for the United States Postal Service (USPS) (www.usps.com), attached as **Exhibit 1**; *see*, a copy of RFI #2 along with tracking information from the website for USPS (www.usps.com), attached as **Exhibit 2.**

35.     loanDepot received RFI #1 and RFI #2 on or before March 22, 2021. *See*, Exhibits 1 and 2.

36.     Neither Plaintiff nor her counsel received any written acknowledgment or response to RFI #2 as of April 27, 2021.

37. On or about April 27, 2021, Plaintiff, through counsel, sent correspondence to loanDepot at the Designated Address captioned "Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(D) and (E); notice of error pursuant to 12 C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff statement in violation of 12 C.F.R. § 1026.36(c)(3)" [Tracking No. 70210350000145530565] ("NOE #1"). *See*, a copy of NOE #1 along with tracking information from the website for the USPS (www.usps.com), attached as **Exhibit 3**.

38. Through NOE #1, Plaintiff alleged that loanDepot committed errors related to the servicing of the loan pursuant to 12 C.F.R. §§ 1024.35(b)(6) and (11) in failing to respond to RFI #2. *See*, Exhibit 3.

39. loanDepot received NOE #1 at the Designated Address on or before May 1, 2021. *See*, Exhibit 3.

40. Neither Plaintiff nor her counsel received any written acknowledgment or response to RFI #1 as of June 1, 2021.

41. On or about June 1, 2021, Plaintiff, through counsel, sent correspondence to loanDepot at the Designated Address captioned "Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to acknowledge and properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(E)" [Tracking No. 70210350000161130558] ("NOE #2"). *See*, a copy of NOE #2 along with tracking information from the website for the USPS (www.usps.com), attached as **Exhibit 4**.

42.     Through NOE #2, Plaintiff alleged that loanDepot committed errors related to the servicing of the loan pursuant to 12 C.F.R. § 1024.35(b)(11) in failing to acknowledge and respond to RFI #1. *See*, Exhibit 4.

43.     loanDepot received NOE #2 at the Designated Address on or before June 5, 2021. *See*, Exhibit 4.

44.     Neither Plaintiff nor her counsel received any written acknowledgment or response to NOE #1 or NOE #2 as of August 17, 2021.

45.     On or about August 17, 2021, Plaintiff, through counsel, sent correspondence to loanDepot at the Designated Address captioned "Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly acknowledge receipt of notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(E); notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly respond to notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. §§ 2605(k)(1)(C) and (E)" [Tracking No. 70210350000161131289] ("NOE #2"). *See*, a copy of NOE #3 along with tracking information from the website for the USPS (www.usps.com), attached as **Exhibit 5**.

46.     Through NOE #3, Plaintiff alleged that loanDepot committed errors related to the servicing of the loan pursuant to 12 C.F.R. § 1024.35(b)(11) in failing to acknowledge and respond to NOE #1 and NOE #2. *See*, Exhibit 5.

47.     loanDepot received NOE #3 at the Designated Address on or before August 20, 2021. *See*, Exhibit 5.

48.     loanDepot sent a payoff statement for the Loan directly to Plaintiff dated August 30, 2021.

49.     loanDepot sent correspondence dated September 10, 2021 presumably in relation to NOE #3 stating that its "review was taking longer than anticipated and [it] will need additional time to furnish a response". *See*, a copy of this correspondence, attached as **Exhibit 6**.

50.     loanDepot sent correspondence dated October 27, 2021 in response to NOE #3 ("Response to NOE #3"). *See*, a copy of Response to NOE #3, without enclosures, attached as **Exhibit 7.**

51.     Through Response to NOE #3, loanDepot stated "[o]n September 3, 2021, we responded to the Notice of Error dated April 27, 2021 and the Requests for Information dated March 15, 2021", but neither Plaintiff nor her counsel have received any such response and no such response was enclosed with the Response to NOE #3. *See*, Exhibit 7.

52.     Regardless, loanDepot implicitly admits that any acknowledgments or response to RFI #1, RFI #2, or NOE #1 were not within the timelines mandated by RESPA and Regulation X as no response was issued until September 3, 2021 at the earliest. *See*, Exhibit 7.

53.     loanDepot further claimed through Response to NOE #3 that RFI #1, RFI #2, NOE #2, and NOE #3 were not sent to the proper address. *See*, Exhibit 7.

54.     loanDepot claims that the address designated for the receipt of RFIs, NOEs, and QWRs, is P.O. Box 77423, Ewing, NJ 08628, but from March 14, 2021 through at least November 10, 2021, loanDepot maintained one (1) or more web page(s) directing borrowers to submit RFIs, NOEs, and QWRs to P.O. Box 251027 Plano, TX 75025—the address to which Plaintiff submitted RFI #1, RFI #2, NOE #2, and NOE #3. *See*, Exhibits 1, 2, 4, 5, and 7; *see also*, a printout of a web page maintained by loanDepot accessed and printed on March 14, 2021, attached as **Exhibit 8**; *see also*, a printout of a web page maintained by loanDepot accessed and printed on November 10, 2021, attached as **Exhibit 9**.

55.     On or about September 7, 2021, Plaintiff spoke with a representative of loanDepot via telephone and was informed that loanDepot was refusing to report Plaintiff's timely payments on her loan to CRAs due to receipt of NOE #3—which did not pertain to any payment issues related to the Loan. *See*, Exhibit 7.

56.     On or about September 27, 2021, Plaintiff, through counsel, sent correspondence to loanDepot at the Designated Address captioned "Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for refusing to report a borrower's timely payments to credit reporting agencies due to sending a notice of error not related to payment issues" [Tracking No. 70210350000147059378] ("NOE #4"). *See*, a copy of NOE #4, attached as **Exhibit 10**.

57.     Through NOE #4, Plaintiff alleged that loanDepot committed an error related to the servicing of the loan pursuant to 12 C.F.R. § 1024.35(b)(11) by suppressing non-adverse credit information upon receipt of a notice of error. *See*, Exhibit 10.

58.     loanDepot received NOE #4 at the Designated Address on or before October 1, 2021.

59.     loanDepot sent correspondence dated October 28, 2021 in response to NOE #4 ("Response to NOE #4"). *See*, a copy of Response to NOE #4, attached as **Exhibit 11**.

60.     Through Response to NOE #4, loanDepot stated "no errors occurred related to [its] suppression of credit reporting upon receipt of [NOE #4]", that Plaintiff's loan was "not singled out", and that it is "our practice upon receipt of any Notice of error to suppress all reporting in order to ensure that there is no credit reporting." *See*, Exhibit 11.

61.     On or about December 2, 2021, Plaintiff, through counsel, sent correspondence to loanDepot at the Designated Address captioned "Notice of error pursuant to 12 C.F.R. §§ 1024.35(b)(5) and/or (11) for failing to issue an accurate annual escrow account disclosure

statement in violation of 12 U.S.C. § 2605(k)(1)(E) and/or notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to return an escrow surplus to the borrower as required by 12 C.F.R. § 1024.17(f)(2) and in violation of 12 U.S.C. § 2605(k)(1)(E)" [Tracking No. 70211970000099479168] ("NOE #5"). *See*, a copy of NOE #5 along with tracking information from the website for the USPS (www.usps.com), attached as **Exhibit 12**.

62.     Through NOE #5, Plaintiff alleged that loanDepot committed an error related to the servicing of the loan pursuant to 12 C.F.R. §§ 1024.35(b)(5) and/or (11) in failing to return an escrow surplus as required by12 C.F.R. § 1024.17(f)(2) or otherwise by failing to issue an accurate annual escrow account disclosure. *See*, Exhibit 12.

63.     Specifically, loanDepot sent Annual Escrow Account Disclosure Statements on February 1, 2021 and April 28, 2021 to Plaintiff indicating that there was a shortage on her escrow account and that the Borrower had to remit an additional monthly payment of $17.12 and $15.32, respectively, despite claiming to have issued checks for escrow *surpluses* via checks dated February 21, 2020 and November 23, 2020 totalling $265.73—checks which Plaintiff never received nor cashed. *See*, Exhibit 12.

64.     loanDepot received NOE #5 at the Designated Address on or before December 7, 2021. *See*, Exhibit 12.

65.     To date, neither Plaintiff nor her counsel received any written response to NOE #5.

66.     The errors related to the escrow account still persist and as of an escrow statement from February 2022, Plaintiff still has a claimed escrow shortage on her loan account. *See*, a copy of said escrow statement, attached as **Exhibit 13**.

<u>**CLASS ACTION ALLEGATIONS**</u>

67. **Class Definition**: Plaintiff also brings this action pursuant to Ohio Civ. R. 23 on behalf of a class of similarly situated individuals and entities ("the Class"), defined as follows:

> All loan borrowers in United States, during the applicable statute of limitations period, (1) who have mortgage loans secured by residential real property, (2) who submitted a request for information, notice of error, or qualified written request to loanDepot at P.O. Box 251027 Plano, TX 75025 during the time period which loanDepot maintained a web page designating such address as an address to which borrowers should send such correspondence, (3) who did not receive a substantive response to such correspondence.

> Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the RESPA Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and, (5) the legal representatives, successors and assigns of any such excluded person.

68. **Numerosity and Ascertainability**: Upon information and belief, the Class is composed of more than forty (40) members, such that the Classes are so numerous that joinder of all members is impractical. This conclusion is reasonable because loanDepot is the fifth largest retail mortgage lender in the United States, the second largest nonbank retail originator in the United States,[1] and, as of February 1, 2022, loanDepot managed a servicing portfolio of at least $162.1 billion in unpaid principal balance.[2] The exact number of members in the Classes is presently unknown and can only be ascertained through discovery. Class members can easily be identified through Defendant's records or by other means.

69. **Commonality and Predominance:** There are questions of law and fact common to the proposed Class that predominate over any individual questions. All members of the

---

[1] "About us", https://www.loandepot.com/about (last accessed March 10, 2022).

[2] "loanDepot announces year-end and fourth quarter 2021 financial results", https://www.bloomberg.com/press-releases/2022-02-01/loandepot-announces-year-end-and-fourth-quarter-2021-financial-results (last accessed March 10, 2022).

Address Class have been subject to and affected by a uniform course of conduct; specifically, loanDepot failing to respond to NOEs, RFIs, or QWRs received by loanDepot at P.O. Box 251027 Plano, TX 75025. There are questions of law and fact common to each of the proposed Classes that predominate over any individual questions, including:

    a.  Whether loanDepot's suppression of non-adverse credit information upon receipt of the Notices was proper;

    b.  Whether loanDepot's responses to the RESPA Class members' Subsequent NOEs failed to comply with the requirements of RESPA and Regulation X;

    c.  Whether loanDepot's failures to properly respond to Plaintiff's and RESPA Class members' Subsequent NOEs were part of a sustained pattern and practice of noncompliance with RESPA and Regulation X;

    d.  Whether loanDepot's failure to properly respond to Plaintiff's and Address Class members' NOEs, RFIs, and QWRs received at P.O. Box 251027 Plano, TX 75025 was part of a pattern and practice of noncompliance with RESPA and Regulation X;

    e.  Whether Plaintiff and members of the Classes and Classes suffered actual damages, and the measure and amount of those damages; and,

    f.  Whether Plaintiff and members of the Classes are entitled to recover statutory damages and/or punitive damages, as well as their attorneys' fees and costs incurred in connection with this action.

70.    **Typicality**: Plaintiff's claims are typical of the claims of the Class. The Plaintiff and Class members were subjected to and affected by a uniform course of conduct; specifically, loanDepot's suppression of non-adverse credit information upon its receipt of the Notices. The

Plaintiff and the Class members were denied a proper substantive response to their RFIs, NOEs, and QWRs to which they were entitled because loanDepot claimed that such correspondence should have been sent to a different address and Plaintiff and Class members suffered damages as a result.

71.     **Adequacy**: Plaintiff will adequately represent the interests of the Class. Plaintiff does not have adverse interests to the Class. Plaintiff's counsel has extensive experience litigating consumer class actions.

72.     **Superiority**: A class action is the superior method for the quick and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the Class are significant, the amount is modest compared to the expense and burden of individual litigation. The questions of law or fact common to the members of the Class predominate over any question affecting only individual members. A class action will cause an orderly and expeditious administration of the claims of the Class, and will foster economies of time, effort, and expense. Given the relatively small amount of damages available to Plaintiff and members of the Class, adjudication on a classwide basis would provide members of the Classes with a remedy that they may be unlikely to pursue individually. Plaintiff does not anticipate any difficulty in the management of this litigation.

**COUNT ONE**
**VIOLATIONS OF 12 U.S.C. § 2605(e)(2), 12 U.S.C. § 2605(k)(1),**
**12 C.F.R. § 1024.35, AND 12 C.F.R. § 1024.36**
**(On behalf of Plaintiffs and the Address Class)**

73.     Plaintiff repeats and realleges paragraphs 1 through 72 with the same force and effect as though fully set forth herein.

74.     Plaintiffs and Class members submitted NOEs, RFIs, and QWRs to loanDepot at P.O. Box 251027 Plano, TX 75025 (the "Plano Address"). *See*, Exhibits 1, 2, 4, 5, and 7.

75.    From at least March 14, 2021 through at least November 10, 2021, loanDepot maintained one (1) or more web page(s) directing borrowers to submit RFIs, NOEs, and QWRs to the Plano Address. *See*, Exhibits 8 and 9.

76.    Plaintiff's and Class members' NOEs, RFIs, and QWRs requested specific information related to their loans, and/or asserted that loanDepot committed specific errors related to the servicing of their loans, as contemplated by, *inter alia*, 12 U.S.C. § 2605(e)(1), 12 C.F.R. § 1024.35, 12 C.F.R. § 1024.36, and/or 12 U.S.C. § 2605(k)(1).

77.    loanDepot failed to provide a substantive written response to Plaintiff's and Class members' NOEs, RFIs, and QWRs and/or failed to correct any of the errors asserted in Plaintiff's and Address Class members' NOEs, RFIs, and QWRs within the applicable timeframes of seven (7), ten (10), or thirty (30) business days of receipt—that is, within seven (7), ten (10), or thirty (30) business days of arrival at the Plano Address—as required by 12 U.S.C. § 2605(e)(2), 12 C.F.R. § 1024.35(e), 12 C.F.R. § 1024.36(d), and 12 U.S.C. § 2605(k)(1).

78.    loanDepot's failure to provide appropriate responses to Plaintiff's and Class members' NOEs, RFIs, and QWRs within the applicable timeframes of seven (7), ten (10), or thirty (30) business days of receipt constitutes a clear violation of the requirements of 12 U.S.C. § 2605(e)(2), 12 C.F.R. § 1024.35, 12 C.F.R. § 1024.36, and 12 U.S.C. § 2605(k)(1).

79.    Plaintiff and Class members were harmed because they incurred the expenses associated with sending their NOEs, RFIs, and QWRs—such as their time, postage, etc.—but did not timely receive the information or responses to which they were legally entitled, pursuant to RESPA and Regulation X.

80.    loanDepot is evading its legal obligations and has effectively stripped borrowers of their rights to submit NOEs, RFIs, and QWRs within and subject to the protective framework

of RESPA by claiming that is not required to respond to such correspondence sent to the Plano Address despite directing borrowers to submit such correspondence to the Plano Address. *See*, Exhibits 7, 8, and 9.

81.     loanDepot's actions are in continuation of a pattern and practice of behavior in conscious disregard of the Plaintiff's and Class members' rights.

82.     As a result of loanDepot's actions, loanDepot is liable to Plaintiff and Class members for actual damages, statutory damages, costs, and attorney fees. 12 U.S.C. §§ 2605(f)(2)-(3).

**COUNT TWO:**
**VIOLATIONS OF 12 U.S.C. § 2605(k)(1) AND 12 C.F.R. § 1024.35**
**(On behalf of Plaintiff)**
**(Failure to Acknowledge and Respond to NOE #1 and NOE #5)**

83.     Plaintiff repeats and realleges paragraphs 1 through 82 with the same force and effect as though fully set forth herein.

84.     A servicer must send written notice acknowledging its receipt of a notice of error within five (5) days of receipt, excluding legal public holidays, Saturdays, and Sundays. 12 C.F.R. § 1024.35(d); *see also*, U.S.C. § 2605(e)(1)(A).

85.     A servicer must respond to a notice of error in compliance with 12 C.F.R. § 1024.35(e)(1):

(A)  Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.
(B)  Prior to the date of a foreclosure sale or within 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error, whichever is earlier, for errors asserted under paragraphs (b)(9) and (10) of this section.
(C)  For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.

12 C.F.R. § 1024.35(e)(3)(i); *see also* 12 U.S.C. § 2605(e)(2).

86.     "A servicer of a federally related mortgage shall not...fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

87.     A servicer of a federally related mortgage shall not "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

88.     Plaintiff sent NOE #1 and NOE #5 to loanDepot at the Designated Address. *See*, Exhibits 3 and 12.

89.     loanDepot received NOE #1 at the Designated Address on or before May 1, 2021. *See*, Exhibit 3.

90.     Through NOE #1, Plaintiff alleged that loanDepot committed errors related to the servicing of the loan pursuant to 12 C.F.R. §§ 1024.35(b)(6) and (11) in failing to respond to RFI #2. *See*, Exhibit 3.

91.     loanDepot did not send any written correspondence to Plaintiff or her counsel acknowledging receipt of NOE #1 or otherwise containing or consisting of a substantive response to NOE #1 within five (5) or thirty (30) business days of receipt, respectively, nor did Plaintiff or her counsel receive any such correspondence.

92.     Through Response to NOE #3, loanDepot stated "[o]n September 3, 2021, we responded to the Notice of Error dated April 27, 2021 and the Requests for Information dated

March 15, 2021", but neither Plaintiff nor her counsel have received any such response and no such response was enclosed with the Response to NOE #3. *See*, Exhibit 7.

93.     Regardless, loanDepot implicitly admits that any acknowledgment or response to NOE #1 were not within the timelines mandated by RESPA and Regulation X as no response was issued until September 3, 2021 at the earliest. *See*, Exhibit 7.

94.     loanDepot's actions in failing to acknowledge and respond to NOE #1 in a timely manner caused Plaintiff to suffer actual damages as detailed, *supra*, including, but not limited to incurring legal fees and expenses for preparing and sending NOE #3 which would not have been necessary but for loanDepot's failure to properly acknowledge and respond to NOE #1. *See*, Exhibit 5.

95.     loanDepot received NOE #5 at the Designated Address on or before December 7, 2021. *See*, Exhibit 12.

96.     Through NOE #5, Plaintiff alleged that loanDepot committed an error related to the servicing of the loan pursuant to 12 C.F.R. §§ 1024.35(b)(5) and/or (11) in failing to return an escrow surplus as required by12 C.F.R. § 1024.17(f)(2) or otherwise by failing to issue an accurate annual escrow account disclosure. *See*, Exhibit 12.

97.     Specifically, loanDepot sent Annual Escrow Account Disclosure Statements on February 1, 2021 and April 28, 2021 to Plaintiff indicating that there was a shortage on her escrow account and that the Borrower had to remit an additional monthly payment of $17.12 and $15.32, respectively, despite claiming to have issued checks for escrow *surpluses* via checks dated February 21, 2020 and November 23, 2020 totalling $265.73—checks which Plaintiff never received nor cashed. *See*, Exhibit 12.

98.    To date, loanDepot has not sent any written correspondence to Plaintiff or her counsel acknowledging receipt of NOE #5 or otherwise containing or consisting of a substantive response to NOE #5, nor has Plaintiff or her counsel received any such correspondence.

99.    The errors related to the escrow account still persist and as of an escrow statement from February 2022, Plaintiff still has a claimed escrow shortage on her loan account that is being claimed as due and owing. *See*, a copy of said escrow statement, attached as **Exhibit 13**.

100.    loanDepot's failure to respond to NOE #5 has caused Plaintiff to suffer emotional distress driven by this wrongfully shortage and by her reasonable fear that her refusal to pay for such wrongfully claimed amounts would be the start of a slippery slope leading to a delinquency, default, and potential foreclosure sale of her Home unless she pay amounts and fees which are not warranted which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

101.    loanDepot's failure to timely send written notice to Plaintiff acknowledging its receipt of NOE #1 or NOE #5 within five (5) days of receipt of each, excluding legal public holidays, Saturdays, and Sundays, constitute two (2) distinct violations of 12 C.F.R. § 1024.35(d) and 12 U.S.C. §§ 2605(e) and (k) and, as a result, Plaintiff has suffered actual damages as detailed, *supra*.

102.    loanDepot's failure to timely and properly respond to NOE #1 and NOE #5 by failing to correct its errors or to otherwise perform a reasonable investigation into and otherwise properly respond to the errors alleged through the same constitute two (2) distinct violations of 12 C.F.R. § 1024.35(e) and 12 U.S.C. §§ 2605(e) and (k) and, as a result, Turnbow has suffered actual damages as detailed, *supra*.

103.    loanDepot's actions are part of a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

104.    loanDepot's conduct as pled, *supra*, shows a conscious disregard for Plaintiff's rights.

105.    As a result of loanDepot's actions, loanDepot is liable to Plaintiff for statutory damages and actual damages as further described, *supra*. 12 U.S.C. § 2605(f)(1).

106.    Additionally, Plaintiff requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Elaine M. Johnson, individually, and on behalf of the Class, prays for an Order as follows:

A.  Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class, each as defined, *supra*;

B.  Designating Plaintiff as representative of the Class, and her undersigned counsel as Class Counsel;

C.  Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.  Awarding Plaintiff and the Class their actual damages;

E.  Awarding Plaintiff and the Class their statutory damages as allowed under the RESPA;

E.  Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law; and,

F.  Granting all such further and other relief as this Court deems just and appropriate.

Respectfully Submitted,

/s/ Brian D. Flick, Esq.
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Brian D. Flick (0081605)
Michael A. Smith, Jr. (0097147)
**DANN LAW**
15000 Madison Ave.
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiff and the Putative Classes*

## JURY DEMAND

Plaintiff Elaine Johnson hereby requests a trial by jury on all issues.

/s/ Brian D. Flick, Esq.
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Brian D. Flick (0081605)
Michael A. Smith, Jr. (0097147)
**DANN LAW**
*Counsel for Plaintiff and the Putative Classes*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022, I electronically filed this *Plaintiff's First Amended Complaint for Damages* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Brian D. Flick (0081605)
Michael A. Smith, Jr. (0097147)
**DANN LAW**
*Counsel for Plaintiff*

# EXHIBIT 1



Cleveland | Columbus | Cincinnati | New Jersey | New York



216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

March 15, 2021

LoanDepot
PO Box 251027
Plano, TX 75025

*Sent via Certified Mail return receipt requested [ 7020 1810 0001 5613 0513]*

**In the Matter of:**

Borrower's Name:     Elaine M. Johnson
Property Address:     221 Smith Ave. SW Canton OH 44706
Mortgage Account No.:    ▮▮▮▮▮▮▮▮▮

***If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

Re:   **Request for information pursuant to 12 C.F.R. § 1024.36 including a request for a payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3)**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The written authority of the above-referenced borrower for this request to our law firm is enclosed.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this request no later than *ten (10) business days* after your receipt of such.

Please provide the following information within the time periods noted, *supra*:

1. The name, address, and appropriate contact information for the current owner or assignee of the above-referenced mortgage loan.

   a. If the above-referenced mortgage loan is held in a trust for which an appointed trustee receives payments on behalf of such trust and Federal National Mortgage Association (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the owner of such loan or the trustee of the securitization trust in which the loan is held, please also provide the name or number of the trust or pool in which such loan is held.

Mailing Address
PO Box 6031040
Cleveland OH 44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH 44115



2. The identity of and address for the master servicer of the above-referenced mortgage loan.

3. The identity of and address for the current servicer of the above-referenced mortgage loan.

Please be advised said request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in Lending Act (TILA). For each violation of TILA, you may be liable to the borrower for actual damages, costs, attorney fees, and statutory damages of up to Four Thousand Dollars ($4,000.00).

Furthermore, this is also a written request for a payoff statement related to the above-referenced mortgage loan account for which you are the servicer.

Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" *within a reasonable time* after receipt of this request. Under no circumstances are you to fail to provide the requested payoff statement *within seven (7) business days* of receipt of this request.

Best Regards,

Molly Forkins

Molly Forkins

Enclosure

---

Mailing Address
PO Box 6031040
Cleveland OH  44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH  44115



Cleveland | Columbus | Cincinnati | New Jersey | New York



Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s): _____ Elaine Johnson _____

Property Address: ___ 221 Smith Ave SW Canton Ohio 4470 _____

Mortgage Loan No.: ███████████ _____

Re:     Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for _____ Loan Depot _____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____ *Elaine Johnson* _____     Date: ___ 01 / 30 / 2021 _____

Print Name: ___ Elaine Johnson _____

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100

Doc ID: f8675deae7e8aeeaafbbe7bb8435fccb818abd7d



7020 1810 0001 5613 0513

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7020 1810 0001 5613 0513

7020 1810 0001 5613 0513

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Logo Depot
Street and Apt. No., or PO Box No.  PO Box 251223
City, State, ZIP+4®  Plano Tx 75025

06760
Johnson Elaine

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70201810000156130513

Remove ✕

Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

## ⊘ Delivered, Individual Picked Up at Postal Facility

March 22, 2021 at 11 23 am
PLANO, TX 75025

Feedback

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**March 22, 2021, 11:23 am**
Delivered, Individual Picked Up at Postal Facility
PLANO, TX 75025
Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

**March 20, 2021, 11:25 am**
Available for Pickup
PLANO, TX 75025

**March 20, 2021, 11:24 am**
Arrived at Post Office
PLANO, TX 75025

March 19, 2021, 10:03 pm
Departed USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER

March 19, 2021, 11:57 am
Arrived at USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER

March 18, 2021
In Tran it to Ne t Facility

March 17, 2021, 6:39 pm
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

---

**Product Information**                                          ∨

Feedback

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQ    ection to find an  wer  to your tracking que  tion

## FAQs

# EXHIBIT 2

  Cleveland  |  Columbus  |  Cincinnati  |  New Jersey  |  New York  

216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

March 15, 2021

LoanDepot
PO Box 251027
Plano, TX 75025

*Sent via Certified Mail return receipt requested [ 7020 1810 0001 5613 0506 ]*

**In the Matter of:**

Borrower's Name:   Elaine M. Johnson
Property Address:    221 Smith Ave. SW Canton OH 44706
Mortgage Account No.:  ████████████

**\*\*If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The written authority of the above-referenced borrower (the "Borrower") for this request to our law firm is enclosed.

Pursuant to 12 C.F.R. § 1024.36(c), you must provide our office with a written response acknowledging your receipt of this request *within five (5) business days* of such. Pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested herein, *infra*, *within thirty (30) business days* of your receipt of this request.

Please provide the following information within the time periods noted herein:

1. An exact reproduction of the life of loan mortgage transaction history for this loan from the contract system of record from your electronic software program for this loan. For purposes of identification, the life of loan transaction history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transaction history includes in numeric or alpha-numeric codes,

Mailing Address
PO Box 6031040
Cleveland OH  44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH  44115



please attach a complete list of all such codes and state in plain English a short description for each such code.

2. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan from January 10, 2014.

3. Copies of any and all broker's price opinions you performed or otherwise obtained for the above-referenced property in relation to the above-referenced mortgage loan.

4. A true and accurate copy of the original note related to the above-referenced mortgage loan.

5. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

6. A copy of an accurate and up-to-date reinstatement quote and/or reinstatement letter showing the exact amount needed to cure any default or delinquency on the above-referenced loan as well as a date through which such amount is to remain good and valid.

7. Each date upon which you received a loss mitigation application, whether complete or incomplete, from the Borrower regarding the Loan from January 10, 2014 to the present. Please note that, pursuant to 12 C.F.R. § 1024.41(b)(1), a "complete loss mitigation application" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower."

8. A copy of any written correspondence that you sent to the Borrower pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(b)(2)(i)(B) regarding the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence you sent to the Borrower notifying the Borrower as to whether any submitted loss mitigation application was complete or incomplete, and if incomplete, stating what documentation and/or information was necessary to complete such application.

9. A copy of any written correspondence that you sent to the Borrower pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(c)(1)(ii) regarding the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence you sent to the Borrower notifying the Borrower as to which loss mitigation options, if any, you would offer the Borrower on behalf of the owner or assignee of the mortgage.

Mailing Address
PO Box 6031040
Cleveland OH 44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH 44115



10. A copy of all trial period payment plans, loan modification agreements, or loss mitigation agreements otherwise that you have offered to the Borrower, regardless of whether they were accepted or rejected by the Borrower.

11. Each date upon which you received an executed loss mitigation agreement from the Borrower regarding the Loan from January 10, 2014 to the present.

12. Each date upon which you received or otherwise came into possession of an appeal of loss mitigation eligibility from the Borrower regarding the Loan from January 10, 2014 to the present.

13. A copy of any written correspondence that you sent to the Borrower pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(h)(4) regarding the Loan from January 10, 2014 to the present. In other words, provide a copy of any written correspondence you sent to the Borrower stating your determination of whether you would offer the Borrower a loss mitigation option based upon an appeal of your denial of the Borrower's eligibility for any loss mitigation option.

Best Regards,

*Molly Forkins*

Molly Forkins

Enclosure

Mailing Address
PO Box 6031040
Cleveland OH 44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH 44115



Cleveland | Columbus | Cincinnati | New Jersey | New York



Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s):  __Elaine Johnson_____

Property Address:  __221 Smith Ave SW Canton Ohio 4470_____

Mortgage Loan No.:  ▓▓▓▓▓▓▓▓▓▓_____

Re:  **Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for __Loan Depot_____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed:  _____*Elaine Johnson*_____  Date:  __01 / 30 / 2021_____

Print Name:  __Elaine Johnson_____

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 475-8100

Doc ID: f8875dea07e8aeeaafbbe7bb8435fccb818abd7d





USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs ›

## Track Another Package ✛

**Tracking Number:** 70201810000156130506

Remove ✕

Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

## ⊘ Delivered, Individual Picked Up at Postal Facility

March 22, 2021 at 11 23 am
PLANO, TX 75025

Feedback

**Get Updates** ⌄

---

Text & Email Updates ⌄

---

**Tracking History** ⌃

**March 22, 2021, 11:23 am**
Delivered, Individual Picked Up at Postal Facility
PLANO, TX 75025
Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

**March 20, 2021, 11:25 am**
Available for Pickup
PLANO, TX 75025

**March 20, 2021, 11:24 am**
Arrived at Post Office
PLANO, TX 75025

**March 19, 2021, 10:03 pm**
Departed USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER

**March 19, 2021, 11:57 am**
Arrived at USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER

**March 18, 2021**
In Tran it to Ne t Facility

**March 17, 2021, 6:39 pm**
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**Product Information**  ∨

Feedback

See Less ∧

# Can't find what you're looking for?

Go to our FAQ  ection to find an wer  to your tracking que tion

**FAQs**

# EXHIBIT 3



**Cleveland | Columbus | Cincinnati | New Jersey | New York**



| 216.373.0539 | notices@dannlaw.com | 216.373.0536 |
|---|---|---|
| Telephone | Email | Facsimile |

April 27, 2021

LoanDepot*
P.O. Box 77423
Ewing, NJ 08628

*Sent via Certified Mail [Tracking No. 7021 0350 0001 4553 0565]
**If responding to this correspondence via email, please send to notices@dannlaw.com

In the Matter of:

Borrower's Name: Elaine M. Johnson
Property Address: 221 Smith Ave. SW, Canton, OH 44706
Mortgage Account No.: ▓▓▓▓▓▓▓▓

Re: **Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(D) and (E); notice of error pursuant to 12 C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff statement in violation of 12 C.F.R. § 1026.36(c)(3)**

Dear Sir or Madam:

This is a notice of error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C). The written authority of the above-referenced borrowers (the "Borrowers") authorizing our law firm to send this notice on their behalf concerning the above-referenced loan (the "Loan") is enclosed and incorporated herein by reference. LoanDepot must send written notice acknowledging receipt of this notice *within five (5) business days. See* 12 C.F.R. § 1024.35(d). LoanDepot must respond to the portion of this notice alleging an error pursuant to 12 C.F.R. § 1024.35(b)(6) *within seven (7) business days* of receipt. *See* 12 C.F.R. § 1024.35(e)(3)(i)(A). LoanDepot must respond to the remainder of this notice *within thirty (30) business days* of receipt. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C) and 12 U.S.C. § 2605(k)(1)(C).

**Error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(D) and (E)**

12 C.F.R. § 1024.36(d) provides:

    (1) *Investigation and response requirements.*



(i) Except as provided in paragraphs (e) and (f) of this section, a servicer must respond to an information request by either:

(A) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or

(B) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

(2) *Time Limits.*

(i) *In general,* a servicer must comply with the requirements of paragraph (d)(1) of this section:

(A) Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives *an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan* [emphasis added].

A request for the "identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan" is a "Request for Information" pursuant to 12 C.F.R. § 1024.36. 12 C.F.R. § 1024.36(d)(2)(i)(A). "A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section." 12 C.F.R. § 1024.36(d)(2)(ii).

A servicer "shall not…fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." 12 U.S.C. § 2605(k)(1)(D).

The Borrower, through our office, sent correspondence to LoanDepot dated March 15, 2021, via Certified Mail [Tracking No. 70201810000156130513] captioned "Request for information pursuant to 12 C.F.R. § 1024.36 including a request for a payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3)" (the "Request"). *A copy of the Request is enclosed for your reference.* LoanDepot received the Request on or before March 22, 2021. *A copy of the tracking information for the Request obtained from the website for the United States Postal Service (www.usps.com) is enclosed for your reference.*

The Request was a "request for information" issued pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2), as explicitly stated in the Request. The Request constituted a request governed by 12 C.F.R. § 1024.36(d)(2)(i)(A) as it requested:

1. The identity of and address for the current owner of the above-referenced mortgage loan.



    a. If the above-referenced mortgage loan is held in a trust for which an appointed trustee receives payments on behalf of such trust and Federal National Mortgage Association (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the owner of such loan or the trustee of the securitization trust in which the loan is held, please also provide the name or number of the trust or pool in which such loan is held.

2. The identity of and address for the master servicer of the above-referenced mortgage loan.

3. The identity of and address for the current servicer of the above-referenced mortgage loan.

To date, our office has not received any written correspondence from LoanDepot acknowledging receipt of the Request or containing or otherwise consisting of a substantive response to the Request. Regardless of the means to transmission, had LoanDepot sent such a response within ten (10) business days of receipt our firm would have received it as of the date of this correspondence.

LoanDepot's failure to respond to the Request constitutes one (1) violation of 12 C.F.R. § 1024.36(d), respectively, as well as violations of 12 U.S.C. §§ 2605(k)(1)(D) and (E). LoanDepot's actions further constitute one (1) error related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C).

**Error pursuant to 12 C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff statement in violation of 12 C.F.R. § 1026.36(c)(3)**

The Borrower, through the Request, additionally requested that LoanDepot provide a copy of a payoff statement for the Loan, providing:

> Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" *within a reasonable time* after receipt of this request. Under no circumstances are you to fail to provide the requested payoff statement *within seven (7) business days* of receipt of this request.

LoanDepot was required to "provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" within a reasonable time after receipt of this request. *See* 12 C.F.R. § 1026.36(c)(3). Under no circumstances was LoanDepot to fail to provide the requested payoff statement within seven (7) business days of receipt of the Request.

To date, our office has not received a copy of the payoff statement for the above-referenced loan pursuant to the Request. Regardless of the means of transmission, had LoanDepot sent a payoff



statement within seven (7) business days of receipt, our office would have received it by the date of this correspondence.

LoanDepot's actions, in failing to provide a payoff statement as required by 12 C.F.R. § 1026.36(c)(3), constitute a distinct error committed regarding the Loan pursuant to 12 C.F.R. § 1024.35(b)(6).

**Conclusion and Requested Actions:**

LoanDepot committed two (2) errors related to the Loan as discussed *supra*.

Please correct these errors by providing the information requested through the Request. Furthermore, state the effective date of such correction(s) and provide contact information for further assistance. In the alternative, after conducting a reasonable investigation and providing the Borrower, *through our firm*, with a notification that includes a statement that the servicer has determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents and contact information for further assistance.

*Please also remit funds, payable to our firm, for reimbursement of legal fees and costs incurred by the Borrower for the preparation and mailing of the Request and the preparation and mailing of the instant notice which would not have been necessary but for LoanDepot's failure to properly respond to the Request. Please contact our office for a final accounting of the fees and costs incurred in the preparation of, drafting of, and mailing of the instant notice as such amount will not be known until after this correspondence is issued.*

Best Regards,

Molly Forkins

Enclosures

 

Cleveland | Columbus | Cincinnati | New Jersey | New York

216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

March 15, 2021

LoanDepot
PO Box 251027
Plano, TX 75025

*Sent via Certified Mail return receipt requested [ 7020 1810 0001 5613 0513]*

**In the Matter of:**

Borrower's Name:      Elaine M. Johnson
Property Address:      221 Smith Ave. SW Canton OH 44706
Mortgage Account No.:  ▮▮▮▮▮▮▮

***If responding to this correspondence by e-mail, please send to notices@dannlaw.com**

Re:  **Request for information pursuant to 12 C.F.R. § 1024.36 including a request for a
payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3)**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the
above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act
as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The
written authority of the above-referenced borrower for this request to our law firm is enclosed.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this request no later than *ten (10)
business days* after your receipt of such.

Please provide the following information within the time periods noted, *supra*:

1.  The name, address, and appropriate contact information for the current owner or assignee
    of the above-referenced mortgage loan.

    a.  If the above-referenced mortgage loan is held in a trust for which an appointed trustee
        receives payments on behalf of such trust and Federal National Mortgage Association
        (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the
        owner of such loan or the trustee of the securitization trust in which the loan is held,
        please also provide the name or number of the trust or pool in which such loan is
        held.

---

Mailing Address
PO Box 6031040
Cleveland OH 44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH 44115



2. The identity of and address for the master servicer of the above-referenced mortgage loan.

3. The identity of and address for the current servicer of the above-referenced mortgage loan.

Please be advised said request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in Lending Act (TILA). For each violation of TILA, you may be liable to the borrower for actual damages, costs, attorney fees, and statutory damages of up to Four Thousand Dollars ($4,000.00).

Furthermore, this is also a written request for a payoff statement related to the above-referenced mortgage loan account for which you are the servicer.

Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" *within a reasonable time* after receipt of this request. Under no circumstances are you to fail to provide the requested payoff statement *within seven (7) business days* of receipt of this request.

Best Regards,

Molly Forkins

Enclosure

Mailing Address
PO Box 6031040
Cleveland OH  44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH  44115

  Cleveland | Columbus | Cincinnati | New Jersey | New York  

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s):_____Elaine Johnson_____

Property Address:___221 Smith Ave SW Canton Ohio 4470___

Mortgage Loan No.:___███████████___

Re:      Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for ___Loan Depot___, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed:_____*Elaine Johnson*_____           Date:    01 / 30 / 2021

Print Name:___Elaine Johnson___

Doc ID: f8675daaa7e8aaaaafbba7bb8435fccb818abd7d



# USPS Tracking®

**FAQs** >

## Track Another Package  +

**Tracking Number:** 70201810000156130513

Remove ✕

Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

## ⊘ Delivered, Individual Picked Up at Postal Facility

March 22, 2021 at 11:23 am
PLANO, TX 75025



Get Updates ∨

---

**Text & Email Updates**        ∨

---

**Tracking History**        ∧

March 22, 2021, 11:23 am
Delivered, Individual Picked Up at Postal Facility
PLANO, TX 75025
Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

March 20, 2021, 11:25 am
Available for Pickup
PLANO, TX 75025

March 20, 2021, 11:24 am
Arrived at Post Office
PLANO, TX 75025

4/2/2021                                   USPS.com® - USPS Tracking® Results

March 19, 2021, 10:03 pm
Departed USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER


March 19, 2021, 11:57 am
Arrived at USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER


March 18, 2021
In Transit to Next Facility


March 17, 2021, 6:39 pm
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER


**Product Information**                                    ∨    Feedback

See Less ∧


# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.


**FAQs**

# EXHIBIT 4

   Cleveland  |  Columbus  |  Cincinnati  |  New Jersey  |  New York   

216.373.0539                    notices@dannlaw.com                    216.373.0536
Telephone                              Email                           Facsimile

Tuesday, June 1, 2021

LoanDepot*
P.O. Box 77404
Ewing, NJ 08628

*Sent via Certified Mail [Tracking No. 7021 0350 0001 6113 0558 ]
**If responding to this correspondence via email, please send to notices@dannlaw.com

**In the Matter of:**

> Borrower's Name:     Elaine M. Johnson
> Property Address:    221 Smith Ave. NW, Canton, OH 44706
> Mortgage Account No.: ▓▓▓▓▓▓▓▓▓▓

**Re:  Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to acknowledge and properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. § 2605(k)(1)(E)**

Dear Sir or Madam:

This is a notice of error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA). The written authority of the above-referenced borrower (the "Borrower") authorizing our law firm to send this notice concerning the above-referenced loan (the "Loan") on her behalf is enclosed and incorporated by this reference. LoanDepot must send written notice acknowledging receipt of this notice *within five (5) business days*. See 12 C.F.R. § 1024.35(d). LoanDepot must send its written response to this notice *within thirty (30) business days* of receipt. See 12 C.F.R. § 1024.35(e)(3)(i)(C); 12 U.S.C. § 2605(k)(1)(C).

**Errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to acknowledge and properly respond to a request for information in violation of 12 C.F.R. §§ 1024.36(c) and (d) and 12 U.S.C. § 2605(k)(1)(E):**

The Borrower sent correspondence dated March 15, 2021 captioned "Request for Information Pursuant to 12 C.F.R. § 1024.36" (the "RFI") to LoanDepot via Certified Mail [Tracking No. 70201810000156130506]. *A copy of the RFI along with proof of delivery is enclosed for your reference.* The Borrower, through the RFI, requested information related to the Loan, including but not limited to information relating to prior loss mitigation efforts related to the Loan, a statement of the amount necessary to reinstate the Loan, and transactions related to the Loan. LoanDepot received the RFI on or before March 22, 2021.

---

June 1, 2021
Page 2



LoanDepot was to provide written notice acknowledging receipt of the RFI to the Borrower within five (5) business days of receipt—that is, on or before March 29, 2021. *See* 12 C.F.R. § 1024.36(d)(2)(i)(B).

LoanDepot was to provide the information requested through the RFI within thirty (30) business days of receipt—that is, on or before May 3, 2021. *See* 12 C.F.R. § 1024.36(d)(2)(i)(B).

To date, neither our office nor the Borrower have received any written correspondence from LoanDepot containing or otherwise consisting of an acknowledgement of or substantive response to the RFI. Regardless of the means of transmission, had LoanDepot sent either such correspondence to the RFI on or before the applicable deadlines, our firm would have received each of the same as of the time of this correspondence.

LoanDepot's actions, in failing to acknowledge and respond to the RFI as required by 12 C.F.R. §§ 1024.36(c) and (d), respectively, constitute two (2) errors separate related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11) and are otherwise in violation of 12 U.S.C. § 2605(k)(1)(E).

**Conclusion and Requested Actions:**

LoanDepot committed two (2) errors related to the Loan.

Please correct the errors and provide us with notification of the correction(s), the date of the correction(s), and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, *through our firm,* with a notification that includes a statement that you have determined that no such error(s) occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

Best Regards,

Karen Ortiz

Enclosures



**Cleveland** | **Columbus** | **Cincinnati** | **New Jersey** | **New York**



Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s):      Elaine Johnson

Property Address:   221 Smith Ave SW Canton Ohio 4470

Mortgage Loan No.:   ███████████

Re:     **Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
Loan Depot _____, the Servicer of the above-referenced loan, to fully
cooperate with, comply with, and provide any and all information requested or demanded by and through any
and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate
Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be
sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated legal
matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the
following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _Elaine Johnson_____      Date:   01 / 30 / 2021

Print Name:   Elaine Johnson

7021 0350 0001 6113 0558

**PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT**
**OF THE RETURN ADDRESS, FOLD AT DOTTED LINE**

**CERTIFIED MAIL**

7021 0350 0001 6113 0558

0001 6113 0558

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information visit our website at *www.usps.com®*

OFFICIAL USE

LoanDepot*
P.O. Box 77404
Ewing, NJ 08628

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postmark
Here

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 70210350000161130558

Remove ✕

Your item was delivered at 11:32 am on June 5, 2021 in TRENTON, NJ 08628.

## ⊘ Delivered

June 5, 2021 at 11:32 am
TRENTON, NJ 08628

Feedback

**Get Updates** ⌄

---

**Text & Email Updates**  ⌄

---

**Tracking History**  ⌃

June 5, 2021, 11:32 am
Delivered
TRENTON, NJ 08628
Your item was delivered at 11:32 am on June 5, 2021 in TRENTON, NJ 08628.

June 5, 2021, 11:25 am
Available for Pickup
TRENTON, NJ 08628

June 5, 2021, 11:04 am
Arrived at Post Office
TRENTON, NJ 08628

June 4, 2021, 11:57 pm
Departed USPS Regional Facility
TRENTON NJ DISTRIBUTION CENTER

June 4, 2021, 1:05 pm
Arrived at USPS Regional Facility
TRENTON NJ DISTRIBUTION CENTER

June 3, 2021
In Tran it to Ne t Facility

June 2, 2021, 11:33 pm
Departed USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

June 2, 2021, 7:37 pm
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

Feedback

**Product Information**  ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# EXHIBIT 5



Columbus | Cincinnati | Cleveland | New Jersey | New York



*216-373-0539*
Main Office Telephone

*notices@dannlaw.com*
Office-Wide Email

*216-373-0536*
Fax

August 17, 2021

LoanDepot*
P.O. Box 77404
Ewing, NJ 08628

*Sent via Certified Mail [Tracking No. 7021 0350 0001 6113 1289]*
**If responding to this correspondence by email, please send to notices@dannlaw.com*

**In the Matter of:**

Borrower's Name: Elaine M. Johnson
Property Address: 221 Smith Ave. SW, Canton, OH 44706
Mortgage Account No.: ▮▮▮▮▮▮▮▮▮

**Re:** **Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly acknowledge receipt of notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(E); notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly respond to notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(C) and (E)**

Dear Sir or Madam:

This is a notice of errors under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C). The written authority of the above-referenced borrower (the "Borrower") authorizing our law firm to send this notice on her behalf concerning the above-referenced loan (the "Loan") is enclosed and incorporated herein by reference. LoanDepot must send written notice acknowledging receipt of this notice *within five (5) business days*. *See* 12 C.F.R. § 1024.35(d). LoanDepot must respond to this notice *within thirty (30) business days* of receipt. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C) and 12 U.S.C. § 2605(k)(1)(C).

**Errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly acknowledge receipt of notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(E):**

A servicer must provide written notice to a borrower acknowledging receipt of a notice of error within five (5) days, excluding legal public holidays, Saturdays, and Sundays. 12 C.F.R. § 1024.35(d). A servicer shall not "[f]ail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

The Borrower sent the following correspondence to LoanDepot via Certified Mail:



1. Correspondence captioned "Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(D) and (E); notice of error pursuant to 12 C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff statement in violation of 12 C.F.R. § 1026.36(c)(3)" [Tracking No. 70210350000145530565] ("NOE #1"); and,

2. Correspondence captioned "Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to acknowledge and properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. § 2605(k)(1)(E)" [Tracking No. 70210350000161130558] ("NOE #2").

***Copies of NOE #1 and NOE #2 (collectively the "NOEs") are enclosed for your reference.*** Per the tracking information for the NOEs, LoanDepot received NOE #1 on or before May 1, 2021 and NOE #2 on or before June 5, 2021.

On or before May 7, 2021, LoanDepot was required to send written notice to the Borrower acknowledging receipt of NOE #1. *See*, 12 C.F.R. § 1024.35(d).

On or before June 11, 2021, LoanDepot was required to send written notice to the Borrower acknowledging receipt of NOE #2. *See*, 12 C.F.R. § 1024.35(d).

To date, our office has not received a copy of any such correspondence containing or consisting of an acknowledgment of LoanDepot's receipt of either of the NOEs. Regardless of the means of transmission, had LoanDepot sent such correspondence prior to the proper deadlines, our office would have received the same by the date of this correspondence.

LoanDepot's actions, in refusing or otherwise failing to send proper acknowledgments of each of the NOEs, constitute two (2) distinct violations of 12 C.F.R. § 1024.35(d) and 12 U.S.C. § 2605(k)(1)(E). LoanDepot's actions further constitute two (2) distinct errors related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11), one (1) error for each of the NOEs LoanDepot failed to acknowledge in writing.

**Errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly respond to notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. §§ 2605(k)(1)(C) and (E):**

A servicer must respond to a notice of error by:

> Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of



the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.35(e)(1).

A servicer shall not:

> (C) fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> [...]
> (E) fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(1).

As to the timing of a servicer's response to a notice of error:

> (i) *In general.* A servicer must comply with the requirements of paragraph (e)(1) of this section:
> > [...]
> (A) Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.
> > [...]
> (C) For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.
> (ii) *Extension of time limit.* For asserted errors governed by the time limit set forth in paragraph (e)(3)(i)(C) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) [emphasis added] if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for responding to errors asserted under paragraph (b)(6), (9), or (10) of this section.



12 C.F.R. § 1024.35(e)(3).

In response to each of the NOEs, LoanDepot was required to either: (1) Correct the error(s) alleged by and through the NOE and provide the Borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or, (2) conduct a reasonable investigation and provide the Borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information, including a telephone number, for further assistance. *See* 12 C.F.R. § 1024.35(e).

NOE #1, in part, alleged an error pursuant to 12 C.F.R. § 1024.35(b)(6). LoanDepot was required to respond to this portion of NOE #1 on or before May 18, 2021. *See* 12 C.F.R. § 1024.35(e)(3)(i)(A). LoanDepot was required to respond to the remainder of NOE #1 on or before June 22, 2021. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C).

LoanCare was required to respond to NOE #2 on or before July 20, 2021. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C).

To date, our office has not received a copy of any correspondence containing or consisting of a substantive response to the errors alleged in either of the NOEs. Regardless of the means of transmission, had LoanDepot sent such correspondence within the applicable deadlines, our office would have received the same by the date of this correspondence.

LoanDepot's actions, in refusing or otherwise failing to send a proper response to each of the NOEs, constitutes at least two (2) distinct violations of 12 C.F.R. § 1024.35 and 12 U.S.C. §§ 2605(k)(1) (C) and (E). LoanDepot's actions in violation of 12 C.F.R. § 1024.35(e) constitute at least two (2) errors in the servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(11), one (1) such error for each of the NOEs to which LoanDepot failed to properly respond.

**Conclusion and Requested Actions:**

LoanDepot committed at least four (4) errors as to the Loan.

Please correct the error(s) as requested and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, *through our firm,* with a notification that includes a statement that you have determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

*Please also remit funds, payable to our firm, for reimbursement of legal fees and costs incurred by the Borrower for the preparation and sending of the instant notice, as well as the requests for*



*information to which LoanDepot's failure to respond was the basis for the NOEs, which would not have been necessary but for LoanDepot's failure to properly respond to each of the NOEs.[1] Please contact our office for a final accounting of the fees and costs incurred in the preparation of, drafting of, and mailing of the instant notice to ensure full reimbursement for the same as this amount will not be fully known until after our office sends this correspondence.*

<u>*This is the fifth piece of correspondence the Borrower has been required to send to LoanDepot to attempt to receive basic information regarding the Loan to which they are entitled under RESPA and Regulation X as well as the Truth in Lending Act and Regulation Z. Accordingly, LoanCare's actions, as outlined supra, are part of a pattern and practice of behavior in violation of the Borrower's rights and in abdication of LoanCare's obligations under RESPA and Regulation X.*</u>

Best Regards,

Karen Ortiz

Karen Ortiz

Enclosure

---

[1] As LoanDepot "failed to do that which it was obligated to do [under RESPA]" the time and expense associated with the Borrower's submission of each of the RFIs and NOEs to LoanDepot "metamorphosed into damages." *Marais v. Chase Home Fin., LLC,* 24 F.Supp.3d 712, 728 (S.D. Ohio 2014); *Justice v. Ocwen Loan Servicing,* 2015 WL 235738, at *19 (S.D. Ohio 2015); *McMillen v. Resurgent Capital Services, L.P.,* 2015 WL 5308236, at *10 (S.D. Ohio 2015); *Dale v. Selene Fin. LP,* 2016 WL 6024580, at *3 (N.D. Ohio 2016).

 Cleveland  |  Columbus  |  Cincinnati  |  New Jersey  |  New York 

216.373.0539
Telephone

notices@dannlaw.com
Email

216.373.0536
Facsimile

April 27, 2021

LoanDepot*
P.O. Box 77423
Ewing, NJ 08628

*Sent via Certified Mail [Tracking No. 7021 0350 0001 4553 0565]
**If responding to this correspondence via email, please send to notices@dannlaw.com

In the Matter of:

Borrower's Name:    Elaine M. Johnson
Property Address:   221 Smith Ave. SW, Canton, OH 44706
Mortgage Account No.: ▮▮▮▮▮▮▮▮

Re:  **Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C)
for failure to properly respond to a request for information in violation of 12 C.F.R. §
1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(D) and (E); notice of error pursuant to 12
C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff
statement in violation of 12 C.F.R. § 1026.36(c)(3)**

Dear Sir or Madam:

This is a notice of error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing
Act under the Real Estate Settlement Procedures Act (RESPA) and otherwise pursuant to 12
U.S.C. § 2605(k)(1)(C). The written authority of the above-referenced borrowers (the
"Borrowers") authorizing our law firm to send this notice on their behalf concerning the
above-referenced loan (the "Loan") is enclosed and incorporated herein by reference. LoanDepot
must send written notice acknowledging receipt of this notice *within five (5) business days*. See
12 C.F.R. § 1024.35(d). LoanDepot must respond to the portion of this notice alleging an error
pursuant to 12 C.F.R. § 1024.35(b)(6) *within seven (7) business days* of receipt. See 12 C.F.R. §
1024.35(e)(3)(i)(A). LoanDepot must respond to the remainder of this notice *within thirty (30)
business days* of receipt. See 12 C.F.R. § 1024.35(e)(3)(i)(C) and 12 U.S.C. § 2605(k)(1)(C).

**Error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to
properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12
U.S.C. §§ 2605(k)(1)(D) and (E)**

12 C.F.R. § 1024.36(d) provides:

(1) *Investigation and response requirements*.



(i) Except as provided in paragraphs (e) and (f) of this section, a servicer must respond to an information request by either:

   (A) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or

   (B) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

(2) *Time Limits.*

   (i) *In general,* a servicer must comply with the requirements of paragraph (d)(1) of this section:

      (A) Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives *an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan* [emphasis added].

A request for the "identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan" is a "Request for Information" pursuant to 12 C.F.R. § 1024.36. 12 C.F.R. § 1024.36(d)(2)(i)(A). "A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section." 12 C.F.R. § 1024.36(d)(2)(ii).

A servicer "shall not…fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." 12 U.S.C. § 2605(k)(1)(D).

The Borrower, through our office, sent correspondence to LoanDepot dated March 15, 2021, via Certified Mail [Tracking No. 70201810000156130513] captioned "Request for information pursuant to 12 C.F.R. § 1024.36 including a request for a payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3)" (the "Request"). *A copy of the Request is enclosed for your reference.* LoanDepot received the Request on or before March 22, 2021. *A copy of the tracking information for the Request obtained from the website for the United States Postal Service (www.usps.com) is enclosed for your reference.*

The Request was a "request for information" issued pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2), as explicitly stated in the Request. The Request constituted a request governed by 12 C.F.R. § 1024.36(d)(2)(i)(A) as it requested:

   1. The identity of and address for the current owner of the above-referenced mortgage loan.

April 20, 2021
Page 3



    a. If the above-referenced mortgage loan is held in a trust for which an appointed trustee receives payments on behalf of such trust and Federal National Mortgage Association (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the owner of such loan or the trustee of the securitization trust in which the loan is held, please also provide the name or number of the trust or pool in which such loan is held.

2. The identity of and address for the master servicer of the above-referenced mortgage loan.

3. The identity of and address for the current servicer of the above-referenced mortgage loan.

To date, our office has not received any written correspondence from LoanDepot acknowledging receipt of the Request or containing or otherwise consisting of a substantive response to the Request. Regardless of the means to transmission, had LoanDepot sent such a response within ten (10) business days of receipt our firm would have received it as of the date of this correspondence.

LoanDepot's failure to respond to the Request constitutes one (1) violation of 12 C.F.R. § 1024.36(d), respectively, as well as violations of 12 U.S.C. §§ 2605(k)(1)(D) and (E). LoanDepot's actions further constitute one (1) error related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C).

**Error pursuant to 12 C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff statement in violation of 12 C.F.R. § 1026.36(c)(3)**

The Borrower, through the Request, additionally requested that LoanDepot provide a copy of a payoff statement for the Loan, providing:

> Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" *within a reasonable time* after receipt of this request. Under no circumstances are you to fail to provide the requested payoff statement *within seven (7) business days* of receipt of this request.

LoanDepot was required to "provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" within a reasonable time after receipt of this request. *See* 12 C.F.R. § 1026.36(c)(3). Under no circumstances was LoanDepot to fail to provide the requested payoff statement within seven (7) business days of receipt of the Request.

To date, our office has not received a copy of the payoff statement for the above-referenced loan pursuant to the Request. Regardless of the means of transmission, had LoanDepot sent a payoff

April 20, 2021
Page 4



statement within seven (7) business days of receipt, our office would have received it by the date of this correspondence.

LoanDepot's actions, in failing to provide a payoff statement as required by 12 C.F.R. § 1026.36(c)(3), constitute a distinct error committed regarding the Loan pursuant to 12 C.F.R. § 1024.35(b)(6).

**Conclusion and Requested Actions:**

LoanDepot committed two (2) errors related to the Loan as discussed *supra*.

Please correct these errors by providing the information requested through the Request. Furthermore, state the effective date of such correction(s) and provide contact information for further assistance. In the alternative, after conducting a reasonable investigation and providing the Borrower, *through our firm*, with a notification that includes a statement that the servicer has determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents and contact information for further assistance.

*Please also remit funds, payable to our firm, for reimbursement of legal fees and costs incurred by the Borrower for the preparation and mailing of the Request and the preparation and mailing of the instant notice which would not have been necessary but for LoanDepot's failure to properly respond to the Request. Please contact our office for a final accounting of the fees and costs incurred in the preparation of, drafting of, and mailing of the instant notice as such amount will not be known until after this correspondence is issued.*

Best Regards,

Molly Forkins

Molly Forkins

Enclosures

  Cleveland  |  Columbus  |  Cincinnati  |  New Jersey  |  New York  

216-373-0539
Telephone

Notices@DannLaw.com
Email

216-373-0536
Fax

March 15, 2021

LoanDepot
PO Box 251027
Plano, TX 75025

*Sent via Certified Mail return receipt requested [ 7020 1810 0001 5613 0513]

In the Matter of:

    Borrower's Name:    Elaine M. Johnson
    Property Address:    221 Smith Ave. SW Canton OH 44706
    Mortgage Account No.:

**If responding to this correspondence by e-mail, please send to notices@dannlaw.com

Re:  Request for Information pursuant to 12 C.F.R. § 1024.36 including a request for a
     payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3)

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the
above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act
as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The
written authority of the above-referenced borrower for this request to our law firm is enclosed.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this request no later than *ten (10)
business days* after your receipt of such.

Please provide the following information within the time periods noted, *supra*:

1. The name, address, and appropriate contact information for the current owner or assignee
   of the above-referenced mortgage loan.

   a. If the above-referenced mortgage loan is held in a trust for which an appointed trustee
      receives payments on behalf of such trust and Federal National Mortgage Association
      (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the
      owner of such loan or the trustee of the securitization trust in which the loan is held,
      please also provide the name or number of the trust or pool in which such loan is
      held.

---

Mailing Address
PO Box 6031040
Cleveland OH 44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH 44115



2. The identity of and address for the master servicer of the above-referenced mortgage loan.

3. The identity of and address for the current servicer of the above-referenced mortgage loan.

Please be advised said request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in Lending Act (TILA). For each violation of TILA, you may be liable to the borrower for actual damages, costs, attorney fees, and statutory damages of up to Four Thousand Dollars ($4,000.00).

Furthermore, this is also a written request for a payoff statement related to the above-referenced mortgage loan account for which you are the servicer.

Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" *within a reasonable time* after receipt of this request. Under no circumstances are you to fail to provide the requested payoff statement *within seven (7) business days* of receipt of this request.

Best Regards,

Molly Forkins

Molly Forkins

Enclosure

Mailing Address
PO Box 6031040
Cleveland OH  44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH  44115

# EXHIBIT 6

Hours of Operation:
Customer Service: Monday - Friday, 8:30 AM to 11:00 PM ET
Collections Dept.: Monday - Friday, 8:00 AM to 9:00 PM ET

Qualified Written Requests, notifications
of error, or requests for information
concerning your loan must be directed to:
PO Box 77423, Ewing, NJ 08628

RE: Loan Number: ████: 221 SW Smith Ave
    Property Address: 221 SW Smith Ave
                      Canton OH 44706

September 10, 2021

Elaine M Johnson
221 Smith Ave SW
Canton OH 44706

Dear Elaine M Johnson,

We are following up in regard to your previously received communication.

Our review is taking longer than anticipated and we will need additional
time to furnish a response. We will provide a response as soon as our
research has concluded.

Thank you for your patience.

Should you have any questions or concerns, please contact us at
(866) 677-8807.

Sincerely,

Executive Resolution Analyst

CR077 028 KSL HZ

# EXHIBIT 7



PO Box 77404
Ewing NJ 08628

Karen Ortiz
Dann Law
15000 Madison Ave.
Lakewood, OH 44107



October 27, 2021

Karen Ortiz
Dann Law
15000 Madison Ave.
Lakewood, OH 44107

Re:   Loan number: ███████
      Property Address: 221 Smith Ave. SW, Canton, OH

Dear Karen Ortiz:

This letter is in response to your correspondence dated August 17, 2021, received in our office on August 27, 2021.

We have completed our review.  On September 3, 2021, we responded to the Notice of Error dated April 27, 2021 and the Requests for Information dated March 15, 2021.

Your correspondence dated March 15, 2021, June 1, 2021 and August 17, 2021 were not directed to the appropriate address associated with such requests. To ensure timely handling, please direct any future correspondence to P. O. Box 77423, Ewing, NJ 08628. Your correspondence dated April 27, 2021 was received in this office but was inadvertently not sent to the correct department for a response. We regret the error.

In response to your March 15, 2021 correspondence, we will respond to the questions in the order that they were listed.

<u>Questions about the Servicer of the Loan</u>

1. The Loan is in a mortgage-backed security of Ginnie Mae. loanDepot is the servicer of the Loan and Ginnie Mae has agreed under contract that the servicer has the right to make all servicing decisions. loanDepot, located at 26642 Towne Centre Dr., Foothill Ranch, CA 92610, telephone number 888-983-3240, is the servicer of the Loan.

2. See answer to Question 1 above.

3. See Answer to Question 1 above.

Please also see the enclosed payoff statement.

<u>Questions about the Servicing of the Loan</u>

1. Please see enclosed loan history along with a copy of a list of our transaction codes.

2. Please see enclosed servicing notes.

loandepot.loanadministration.com

1-877-420-4526

Karen Ortiz
Dann Law
October 27, 2021
Page 2

3. The information requested in this question is beyond the scope permitted by RESPA in that it is not applicable, does not relate to the servicing of the Loan, requests proprietary information, or is unduly broad or burdensome.

4. Please see enclosed copy of the Note.

5. Please see enclosed copies of the Escrow Analyses performed on the loan on February 1, 2021 and April 28, 2021.

6. The loan is current and does not need to be reinstated.

7. We have not received any Loss Mitigation Applications from the Borrower.

8. Please see answer to Number 7 above. No such letters have been sent.

9. Please see answer to Number 8 above.

10. Please see answer to Number 8 above

11. Please see answer to Number 8 above.

12. Please see answer to Number 8 above.

13. Please see answer to Number 8 above

You have a right to receive a copy of the documentation we relied upon to reach this conclusion. For your convenience, the documentation is enclosed.

Should you require additional assistance, or wish to dispute the outcome of our review, please contact us in writing at loanDepot, PO Box 77423, Ewing, New Jersey 08628. Alternatively, we may be reached by telephone at 866-677-8807.

Sincerely,

*Arthur Swidler*

Arthur Swidler
Executive Resolution Specialist Sr.

Enclosures

# EXHIBIT 8

**General Inquiries**

PO Box 250009

Plano, TX 75025

**Requests for Information, Notice of Error or Qualified Written Requests**

PO Box 251027

Plano, TX 75025

## Additional Information

Please call us with questions regarding the servicing of your loan at (866) 258-6572, Monday through Frida
Central Standard Time or email us at servicing@loandepot.com.

### Home Purchase Calculator

loanDepot's easy-to-use calculator
puts you in charge of estimating your
mortgage payment.

**CALCULATE NOW**

### Refinance Calculator

Time to refinance? loanDepot's
powerful savings tool will assess
your options instantly.

**CALCULATE NOW**

# EXHIBIT 9

≡ **loanDepot**          🔍

( **TEXAS LOGIN** )    Not enrolled ?   <u>Register now</u>

## Customer Service Support

Weekdays 7:00 am - 7:00 pm (CST)

Weekends Closed

📞   <u>(866) 258-6572</u>

✉   <u>servicing@loandepot.com</u>

## Payoff Requests

🖨   <u>(949) 595-7008</u>

✉   <u>payoffs@loandepot.com</u>

## Requests for Information, Notice of Error or Qualified Written Requests

📍   P.O. Box 251027 Plano, TX 75025

## General Inquiries

📍   P.O. Box 250009 Plano, TX 75025

## Property Taxes – Escrow

If you pay your property taxes through your regular monthly mortgage payment and you receive a bill from y
the tax bill to us at:

📍   P.O. Box 9223 Coppell, TX 75019-9278

📞   <u>(833)372-0325</u>

🖨   (817) 826-0707

✉   <u>loandepot.dfw@corelogic.com</u>

## Property Taxes – Non-Escrow

If you do not pay your property taxes through your regular monthly mortgage payment and you receive a de
paid, please send proof of payment to us at:

📍   P.O. Box 9023 Coppell, TX 75019-9210

# EXHIBIT 10



**Columbus | Cincinnati | Cleveland | New Jersey | New York**



*216-373-0539*
Main Office Telephone

*notices@dannlaw.com*
Office-Wide Email

*216-373-0536*
Fax

September 27, 2021

LoanDepot*
P.O. Box 77423
Ewing, NJ 08628

*\*Sent via Certified Mail [Tracking No. 7021 0350 0001 4705 9378 ]*
*\*\*If responding to this correspondence by email, please send to notices@dannlaw.com*

**In the Matter of:**

Borrower's Name:     Elaine M. Johnson
Property Address:    221 Smith Ave. SW, Canton, OH 44706
Mortgage Account No.: ███████████

**Re: Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for refusing to report a borrower's timely payments to credit reporting agencies due to sending a notice of error not related to payment issues**

Dear Sir or Madam:

This is a notice of errors under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C). The written authority of the above-referenced borrower (the "Borrower") authorizing our law firm to send this notice on their behalf concerning the above-referenced loan (the "Loan") is enclosed and incorporated herein by reference. LoanDepot must send written notice acknowledging receipt of this notice *within five (5) business days. See* 12 C.F.R. § 1024.35(d). LoanDepot must respond to this notice *within thirty (30) business days* of receipt. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C) and 12 U.S.C. § 2605(k)(1)(C).

**Error pursuant to 12 C.F.R. § 1024.35(b)(11) for refusing to report a borrower's timely payments to credit reporting agencies due to sending a notice of error not related to payment issues:**

A servicer must provide written notice to a borrower acknowledging receipt of a notice of error within five (5) days, excluding legal public holidays, Saturdays, and Sundays. 12 C.F.R. § 1024.35(d). A servicer shall not "[f]ail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

---



The Borrower, through our office, sent correspondence to LoanDepot dated August 17, 20221, captioned "Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly acknowledge receipt of notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(E); notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly respond to notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(C) and (E)" via Certified Mail [Tracking No. 70210350000161131289] (the "NOE"). *A copy of the NOE is enclosed for your reference.* LoanDepot received the NOE on or about August 20, 2021.

On or about September 7, 2021, the Borrower called LoanDepot via telephone and was informed by one of LoanDepot's representatives that LoanDepot was refusing to report the Borrower's timely payments on the Loan to Credit Reporting Agencies (CRAs) for at least the next sixty (60) days because of the NOE sent through our office.

While Regulation X prohibits servicers from reporting adverse information to CRAs regarding payments that are the subject of a notice of error, it does not prohibit servicers from continuing to report otherwise, especially in relation to *positive* information. See, 12 C.F.R. § 1024.35(i)(1) ("After receipt of a notice of error, a servicer may not, for 60 days, furnish ***adverse information*** to any consumer reporting agency ***regarding any payment that is the subject of the notice of error*** [emphasis added]."

The subject matter of the NOE did not pertain to any payments, but rather LoanDepot's failure to appropriately and timely acknowledge and respond to multiple pieces of prior correspondence sent pursuant to 12 C.F.R. §§ 1024.35 and 1024.36. Accordingly, LoanDepot did not have any obligation or justification to refuse to report *positive* information to CRAs for Plaintiff's timely payments under the Loan upon LoanDepot's receipt of the NOE. If anything, LoanDepot's actions appear to be retributive or retaliatory in nature in response to the Borrower exercising her rights under RESPA and Regulation X.

LoanDepot's actions, in refusing or otherwise failing to report positive credit information regarding the Loan to CRAs after receipt of the NOE, constitute an error related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11).

**Conclusion and Requested Actions:**

LoanDepot committed an error as to the Loan.

Please correct the error(s) as requested and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, *through our firm,* with a notification that includes a statement that you have determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.



September 27, 2021
Page 3

Best Regards,

Karen Ortiz

Karen Ortiz

Enclosure

  **Columbus** | **Cincinnati** | **Cleveland** | **New Jersey** | **New York**  

*216-373-0539*
Main Office Telephone

notices@dannlaw.com
Office-Wide Email

*216-373-0536*
Fax

August 17, 2021

LoanDepot*
P.O. Box 77404
Ewing, NJ 08628

*\*Sent via Certified Mail [Tracking No. 7021 0350 0001 6113 1289]*
*\*\*If responding to this correspondence by email, please send to notices@dannlaw.com*

**In the Matter of:**

Borrower's Name:    Elaine M. Johnson
Property Address:    221 Smith Ave. SW, Canton, OH 44706
Mortgage Account No.:    <span style="background:black">      </span>

Re:  **Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly acknowledge receipt of notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(E); notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly respond to notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(C) and (E)**

Dear Sir or Madam:

This is a notice of errors under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C). The written authority of the above-referenced borrower (the "Borrower") authorizing our law firm to send this notice on her behalf concerning the above-referenced loan (the "Loan") is enclosed and incorporated herein by reference. LoanDepot must send written notice acknowledging receipt of this notice *within five (5) business days*. *See* 12 C.F.R. § 1024.35(d). LoanDepot must respond to this notice *within thirty (30) business days* of receipt. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C) and 12 U.S.C. § 2605(k)(1)(C).

**Errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly acknowledge receipt of notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(E):**

A servicer must provide written notice to a borrower acknowledging receipt of a notice of error within five (5) days, excluding legal public holidays, Saturdays, and Sundays. 12 C.F.R. § 1024.35(d). A servicer shall not "[f]ail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E).

The Borrower sent the following correspondence to LoanDepot via Certified Mail:



1. Correspondence captioned "Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(D) and (E); notice of error pursuant to 12 C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff statement in violation of 12 C.F.R. § 1026.36(c)(3)" [Tracking No. 70210350000145530565] ("NOE #1"); and,

2. Correspondence captioned "Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to acknowledge and properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. § 2605(k)(1)(E)" [Tracking No. 70210350000161130558] ("NOE #2").

***Copies of NOE #1 and NOE #2 (collectively the "NOEs") are enclosed for your reference.*** Per the tracking information for the NOEs, LoanDepot received NOE #1 on or before May 1, 2021 and NOE #2 on or before June 5, 2021.

On or before May 7, 2021, LoanDepot was required to send written notice to the Borrower acknowledging receipt of NOE #1. *See*, 12 C.F.R. § 1024.35(d).

On or before June 11, 2021, LoanDepot was required to send written notice to the Borrower acknowledging receipt of NOE #2. *See*, 12 C.F.R. § 1024.35(d).

To date, our office has not received a copy of any such correspondence containing or consisting of an acknowledgment of LoanDepot's receipt of either of the NOEs. Regardless of the means of transmission, had LoanDepot sent such correspondence prior to the proper deadlines, our office would have received the same by the date of this correspondence.

LoanDepot's actions, in refusing or otherwise failing to send proper acknowledgments of each of the NOEs, constitute two (2) distinct violations of 12 C.F.R. § 1024.35(d) and 12 U.S.C. § 2605(k)(1)(E). LoanDepot's actions further constitute two (2) distinct errors related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11), one (1) error for each of the NOEs LoanDepot failed to acknowledge in writing.

**Errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to properly respond to notices of error as required by 12 C.F.R. § 1024.35 and 12 U.S.C. §§ 2605(k)(1)(C) and (E):**

A servicer must respond to a notice of error by:

> Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of



the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.35(e)(1).

A servicer shall not:

> (C) fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> […]
> (E) fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(1).

As to the timing of a servicer's response to a notice of error:

> (i) *In general.* A servicer must comply with the requirements of paragraph (e)(1) of this section:
> [...]
> (A) Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.
> [...]
> (C) For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.
> (ii) *Extension of time limit.* For asserted errors governed by the time limit set forth in paragraph (e)(3)(i)(C) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) [emphasis added] if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for responding to errors asserted under paragraph (b)(6), (9), or (10) of this section.



12 C.F.R. § 1024.35(e)(3).

In response to each of the NOEs, LoanDepot was required to either: (1) Correct the error(s) alleged by and through the NOE and provide the Borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or, (2) conduct a reasonable investigation and provide the Borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information, including a telephone number, for further assistance. *See* 12 C.F.R. § 1024.35(e).

NOE #1, in part, alleged an error pursuant to 12 C.F.R. § 1024.35(b)(6). LoanDepot was required to respond to this portion of NOE #1 on or before May 18, 2021. *See* 12 C.F.R. § 1024.35(e)(3)(i)(A). LoanDepot was required to respond to the remainder of NOE #1 on or before June 22, 2021. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C).

LoanCare was required to respond to NOE #2 on or before July 20, 2021. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C).

To date, our office has not received a copy of any correspondence containing or consisting of a substantive response to the errors alleged in either of the NOEs. Regardless of the means of transmission, had LoanDepot sent such correspondence within the applicable deadlines, our office would have received the same by the date of this correspondence.

LoanDepot's actions, in refusing or otherwise failing to send a proper response to each of the NOEs, constitutes at least two (2) distinct violations of 12 C.F.R. § 1024.35 and 12 U.S.C. §§ 2605(k)(1) (C) and (E). LoanDepot's actions in violation of 12 C.F.R. § 1024.35(e) constitute at least two (2) errors in the servicing of the Loan pursuant to 12 C.F.R. § 1024.35(b)(11), one (1) such error for each of the NOEs to which LoanDepot failed to properly respond.

**Conclusion and Requested Actions:**

LoanDepot committed at least four (4) errors as to the Loan.

Please correct the error(s) as requested and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, *through our firm,* with a notification that includes a statement that you have determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

*Please also remit funds, payable to our firm, for reimbursement of legal fees and costs incurred by the Borrower for the preparation and sending of the instant notice, as well as the requests for*

August 17, 2021
Page 5



*information to which LoanDepot's failure to respond was the basis for the NOEs, which would not have been necessary but for LoanDepot's failure to properly respond to each of the NOEs.[1] Please contact our office for a final accounting of the fees and costs incurred in the preparation of, drafting of, and mailing of the instant notice to ensure full reimbursement for the same as this amount will not be fully known until after our office sends this correspondence.*

<u>*This is the fifth piece of correspondence the Borrower has been required to send to LoanDepot to attempt to receive basic information regarding the Loan to which they are entitled under RESPA and Regulation X as well as the Truth in Lending Act and Regulation Z. Accordingly, LoanCare's actions, as outlined supra, are part of a pattern and practice of behavior in violation of the Borrower's rights and in abdication of LoanCare's obligations under RESPA and Regulation X.*</u>

Best Regards,

Karen Ortiz

Karen Ortiz

Enclosure

---

[1] As LoanDepot "failed to do that which it was obligated to do [under RESPA]" the time and expense associated with the Borrower's submission of each of the RFIs and NOEs to LoanDepot "metamorphosed into damages." *Marais v. Chase Home Fin., LLC*, 24 F.Supp.3d 712, 728 (S.D. Ohio 2014); *Justice v. Ocwen Loan Servicing*, 2015 WL 235738, at *19 (S.D. Ohio 2015); *McMillen v. Resurgent Capital Services, L.P.*, 2015 WL 5308236, at *10 (S.D. Ohio 2015); *Dale v. Selene Fin. LP*, 2016 WL 6024580, at *3 (N.D. Ohio 2016).

15000 Madison Avenue
Lakewood, OH 44107

DannLaw.com
877-475-8100

  Cleveland | Columbus | Cincinnati | New Jersey | New York  

216.373.0539
Telephone

notices@dannlaw.com
Email

216.373.0536
Facsimile

April 27, 2021

LoanDepot*
P.O. Box 77423
Ewing, NJ 08628

*Sent via Certified Mail [Tracking No. 7021 0350 0001 4553 0565]
**If responding to this correspondence via email, please send to notices@dannlaw.com

In the Matter of:

Borrower's Name: Elaine M. Johnson
Property Address: 221 Smith Ave. SW, Canton, OH 44706
Mortgage Account No.: ▮▮▮▮▮▮▮

Re: Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(D) and (E); notice of error pursuant to 12 C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff statement in violation of 12 C.F.R. § 1026.36(c)(3)

Dear Sir or Madam:

This is a notice of error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C). The written authority of the above-referenced borrowers (the "Borrowers") authorizing our law firm to send this notice on their behalf concerning the above-referenced loan (the "Loan") is enclosed and incorporated herein by reference. LoanDepot must send written notice acknowledging receipt of this notice *within five (5) business days*. See 12 C.F.R. § 1024.35(d). LoanDepot must respond to the portion of this notice alleging an error pursuant to 12 C.F.R. § 1024.35(b)(6) *within seven (7) business days* of receipt. See 12 C.F.R. § 1024.35(e)(3)(i)(A). LoanDepot must respond to the remainder of this notice *within thirty (30) business days* of receipt. See 12 C.F.R. § 1024.35(e)(3)(i)(C) and 12 U.S.C. § 2605(k)(1)(C).

**Error pursuant to 12 C.F.R. § 1024.35(b)(11) and 12 U.S.C. § 2605(k)(1)(C) for failure to properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(k)(1)(D) and (E)**

12 C.F.R. § 1024.36(d) provides:

(1) *Investigation and response requirements.*



       (i) Except as provided in paragraphs (e) and (f) of this section, a servicer must respond to an information request by either:

          (A)Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or

          (B)Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

     (2) *Time Limits.*

       (i) *In general,* a servicer must comply with the requirements of paragraph (d)(1) of this section:

          (A)Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives *an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan* [emphasis added].

A request for the "identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan" is a "Request for Information" pursuant to 12 C.F.R. § 1024.36. 12 C.F.R. § 1024.36(d)(2)(i)(A). "A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section." 12 C.F.R. § 1024.36(d)(2)(ii).

A servicer "shall not…fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." 12 U.S.C. § 2605(k)(1)(D).

The Borrower, through our office, sent correspondence to LoanDepot dated March 15, 2021, via Certified Mail [Tracking No. 70201810000156130513] captioned "Request for information pursuant to 12 C.F.R. § 1024.36 including a request for a payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3)" (the "Request"). *A copy of the Request is enclosed for your reference.* LoanDepot received the Request on or before March 22, 2021. *A copy of the tracking information for the Request obtained from the website for the United States Postal Service (www.usps.com) is enclosed for your reference.*

The Request was a "request for information" issued pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2), as explicitly stated in the Request. The Request constituted a request governed by 12 C.F.R. § 1024.36(d)(2)(i)(A) as it requested:

     1. The identity of and address for the current owner of the above-referenced mortgage loan.

April 20, 2021
Page 3



a. If the above-referenced mortgage loan is held in a trust for which an appointed trustee receives payments on behalf of such trust and Federal National Mortgage Association (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the owner of such loan or the trustee of the securitization trust in which the loan is held, please also provide the name or number of the trust or pool in which such loan is held.

2. The identity of and address for the master servicer of the above-referenced mortgage loan.

3. The identity of and address for the current servicer of the above-referenced mortgage loan.

To date, our office has not received any written correspondence from LoanDepot acknowledging receipt of the Request or containing or otherwise consisting of a substantive response to the Request. Regardless of the means to transmission, had LoanDepot sent such a response within ten (10) business days of receipt our firm would have received it as of the date of this correspondence.

LoanDepot's failure to respond to the Request constitutes one (1) violation of 12 C.F.R. § 1024.36(d), respectively, as well as violations of 12 U.S.C. §§ 2605(k)(1)(D) and (E). LoanDepot's actions further constitute one (1) error related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C).

**Error pursuant to 12 C.F.R. § 1024.35(b)(6) and 12 U.S.C. § 2605(k)(1)(C) for failure to provide a payoff statement in violation of 12 C.F.R. § 1026.36(c)(3)**

The Borrower, through the Request, additionally requested that LoanDepot provide a copy of a payoff statement for the Loan, providing:

> Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" *within a reasonable time* after receipt of this request. Under no circumstances are you to fail to provide the requested payoff statement *within seven (7) business days* of receipt of this request.

LoanDepot was required to "provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" within a reasonable time after receipt of this request. *See* 12 C.F.R. § 1026.36(c)(3). Under no circumstances was LoanDepot to fail to provide the requested payoff statement within seven (7) business days of receipt of the Request.

To date, our office has not received a copy of the payoff statement for the above-referenced loan pursuant to the Request. Regardless of the means of transmission, had LoanDepot sent a payoff

April 20, 2021
Page 4



statement within seven (7) business days of receipt, our office would have received it by the date of this correspondence.

LoanDepot's actions, in failing to provide a payoff statement as required by 12 C.F.R. § 1026.36(c)(3), constitute a distinct error committed regarding the Loan pursuant to 12 C.F.R. § 1024.35(b)(6).

**Conclusion and Requested Actions:**

LoanDepot committed two (2) errors related to the Loan as discussed *supra*.

Please correct these errors by providing the information requested through the Request. Furthermore, state the effective date of such correction(s) and provide contact information for further assistance. In the alternative, after conducting a reasonable investigation and providing the Borrower, *through our firm*, with a notification that includes a statement that the servicer has determined that no such error occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents and contact information for further assistance.

*Please also remit funds, payable to our firm, for reimbursement of legal fees and costs incurred by the Borrower for the preparation and mailing of the Request and the preparation and mailing of the instant notice which would not have been necessary but for LoanDepot's failure to properly respond to the Request. Please contact our office for a final accounting of the fees and costs incurred in the preparation of, drafting of, and mailing of the instant notice as such amount will not be known until after this correspondence is issued.*

Best Regards,

Molly Forkins

Molly Forkins

Enclosures

 Cleveland | Columbus | Cincinnati | New Jersey | New York 

216-373-0539          Notices@DannLaw.com          216-373-0536
Telephone          Email          Fax

March 15, 2021

LoanDepot
PO Box 251027
Plano, TX 75025

*Sent via Certified Mail return receipt requested [ 7020 1810 0001 5613 0513]*

In the Matter of:

Borrower's Name:      Elaine M. Johnson
Property Address:      221 Smith Ave. SW Canton OH 44706
Mortgage Account No.:      ███████████

**If responding to this correspondence by e-mail, please send to notices@dannlaw.com*

Re:  Request for information pursuant to 12 C.F.R. § 1024.36 including a request for a
      payoff statement pursuant to 12 C.F.R. § 1026.36(c)(3)

Dear Sir or Madam:

This is a Request for Information related to your servicing of the mortgage loan of the
above-named borrower. All references herein are to Regulation X of the Mortgage Servicing Act
as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The
written authority of the above-referenced borrower for this request to our law firm is enclosed.

Pursuant to 12 C.F.R. § 1024.36(d), you must respond to this request no later than *ten (10)
business days* after your receipt of such.

Please provide the following information within the time periods noted, *supra*:

1.  The name, address, and appropriate contact information for the current owner or assignee
    of the above-referenced mortgage loan.

    a.  If the above-referenced mortgage loan is held in a trust for which an appointed trustee
        receives payments on behalf of such trust and Federal National Mortgage Association
        (Fannie Mae) or Federal Home Loan Mortgage Corporation (Freddie Mac) is the
        owner of such loan or the trustee of the securitization trust in which the loan is held,
        please also provide the name or number of the trust or pool in which such loan is
        held.

---

Mailing Address          DannLaw.com          Physical Address
PO Box 6031040          877-475-8100          2728 Euclid Ave Suite 300
Cleveland OH  44103          Cleveland OH 44115



2.  The identity of and address for the master servicer of the above-referenced mortgage loan.

3.  The identity of and address for the current servicer of the above-referenced mortgage loan.

Please be advised said request is also being made under 12 U.S.C. § 1641(f)(2) of the Truth in Lending Act (TILA).  For each violation of TILA, you may be liable to the borrower for actual damages, costs, attorney fees, and statutory damages of up to Four Thousand Dollars ($4,000.00).

Furthermore, this is also a written request for a payoff statement related to the above-referenced mortgage loan account for which you are the servicer.

Pursuant to 12 C.F.R. § 1026.36(c)(3), you "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date" *within a reasonable time* after receipt of this request.  Under no circumstances are you to fail to provide the requested payoff statement *within seven (7) business days* of receipt of this request.

Best Regards,

Molly Forkins

Molly Forkins

Enclosure

Mailing Address
PO Box 6031040
Cleveland OH  44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH  44115



·Cleveland   |   Columbus   |   Cincinnati   |   New Jersey   |   New York



Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s):     Elaine Johnson

Property Address:     221 Smith Ave SW Canton Ohio 4470

Mortgage Loan No.:     ▮▮▮▮▮▮▮▮

Re:     Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for
__Loan Depot__, the Servicer of the above-referenced loan, to fully
cooperate with, comply with, and provide any and all information requested or demanded by and through any
and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate
Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be
sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated legal
matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the
following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed:  _____     Date:     01 / 30 / 2021

Print Name:  Elaine Johnson

Mailing Address
PO Box 6031040
Cleveland, OH 44103

DannLaw.com
[877] 476-8100

Doc ID: f8675dcae7a8gacqafbbo7bb8435fqob818abd7d



4/2/2021                                    USPS.com® – USPS Tracking® Results

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70201810000156130513

Remove ✕

Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

# ⊘ Delivered, Individual Picked Up at Postal Facility

March 22, 2021 at 11:23 am
PLANO, TX 75025

Get Updates ⌄

Feedback

---

Text & Email Updates                                              ⌄

---

Tracking History                                                  ⌃

March 22, 2021, 11:23 am
Delivered, Individual Picked Up at Postal Facility
PLANO, TX 75025
Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

March 20, 2021, 11:25 am
Available for Pickup
PLANO, TX 75025

March 20, 2021, 11:24 am
Arrived at Post Office
PLANO, TX 75025

March 19, 2021, 10:03 pm
Departed USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER

March 19, 2021, 11:57 am
Arrived at USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER

March 18, 2021
In Transit to Next Facility

March 17, 2021, 6:39 pm
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**Product Information**                                                                  ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

7021 0350 0001 4553 0565

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7021 0350 0001 4553 0565
7021 0350 0001 4553 0565

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage $

Nov 4/27/21

Postmark
Here

06760

Johnson Elaine

LoanDepot®
P.O. Box 77423
Ewing, NJ 08628



Cleveland | Columbus | Cincinnati | New Jersey | New York



Dann Law

216.373.0539
Telephone

notices@dannlaw.com
Email

216.373.0536
Facsimile

Tuesday, June 1, 2021

LoanDepot*
P.O. Box 77404
Ewing, NJ 08628

*Sent via Certified Mail [Tracking No. 7021 0350 0001 6113 0558 ]
**If responding to this correspondence via email, please send to notices@dannlaw.com

**In the Matter of:**

| | |
|---|---|
| Borrower's Name: | Elaine M. Johnson |
| Property Address: | 221 Smith Ave. NW, Canton, OH 44706 |
| Mortgage Account No.: | ▆▆▆▆▆ |

Re:  Notice of errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to acknowledge and properly respond to a request for information in violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. § 2605(k)(1)(E)

Dear Sir or Madam:

This is a notice of error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA). The written authority of the above-referenced borrower (the "Borrower") authorizing our law firm to send this notice concerning the above-referenced loan (the "Loan") on her behalf is enclosed and incorporated by this reference. LoanDepot must send written notice acknowledging receipt of this notice *within five (5) business days*. See 12 C.F.R. § 1024.35(d). LoanDepot must send its written response to this notice *within thirty (30) business days* of receipt. See 12 C.F.R. § 1024.35(e)(3)(i)(C); 12 U.S.C. § 2605(k)(1)(C).

**Errors pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to acknowledge and properly respond to a request for information in violation of 12 C.F.R. §§ 1024.36(c) and (d) and 12 U.S.C. § 2605(k)(1)(E):**

The Borrower sent correspondence dated March 15, 2021 captioned "Request for Information Pursuant to 12 C.F.R. § 1024.36" (the "RFI") to LoanDepot via Certified Mail [Tracking No. 70201810000156130506]. *A copy of the RFI along with proof of delivery is enclosed for your reference.* The Borrower, through the RFI, requested information related to the Loan, including but not limited to information relating to prior loss mitigation efforts related to the Loan, a statement of the amount necessary to reinstate the Loan, and transactions related to the Loan. LoanDepot received the RFI on or before March 22, 2021.

Mailing Address:
PO Box 6031040
Cleveland, OH 44103

dannlaw.com
877.475.8100

June 1, 2021
Page 2



LoanDepot was to provide written notice acknowledging receipt of the RFI to the Borrower within five (5) business days of receipt—that is, on or before March 29, 2021. *See* 12 C.F.R. § 1024.36(d)(2)(i)(B).

LoanDepot was to provide the information requested through the RFI within thirty (30) business days of receipt—that is, on or before May 3, 2021. *See* 12 C.F.R. § 1024.36(d)(2)(i)(B).

To date, neither our office nor the Borrower have received any written correspondence from LoanDepot containing or otherwise consisting of an acknowledgement of or substantive response to the RFI. Regardless of the means of transmission, had LoanDepot sent either such correspondence to the RFI on or before the applicable deadlines, our firm would have received each of the same as of the time of this correspondence.

LoanDepot's actions, in failing to acknowledge and respond to the RFI as required by 12 C.F.R. §§ 1024.36(c) and (d), respectively, constitute two (2) errors separate errors related to the Loan pursuant to 12 C.F.R. § 1024.35(b)(11) and are otherwise in violation of 12 U.S.C. § 2605(k)(1)(E).

**Conclusion and Requested Actions:**

LoanDepot committed two (2) errors related to the Loan.

Please correct the errors and provide us with notification of the correction(s), the date of the correction(s), and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, *through our firm*, with a notification that includes a statement that you have determined that no such error(s) occurred, a statement of the reason(s) for this determination, a statement of the Borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the Borrower can request such documents, and contact information for further assistance.

Best Regards,

Karen Ortiz

*Karen Ortiz*

Enclosures



Cleveland | Columbus | Cincinnati | New Jersey | New York



Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s):     Elaine Johnson

Property Address:    221 Smith Ave SW Canton Ohio 4470

Mortgage Loan No.: ███████████

Re:     Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for _Loan Depot_____, the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf.  Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan.  Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____*Elaine Johnson*_____     Date: __01 / 30 / 2021__

Print Name: __Elaine Johnson__

Doc ID: f8675dsae7e8aeeaafbbe7bb8435fccb818abd7d



Cleveland  |  Columbus  |  Cincinnati  |  New Jersey  |  New York



*216-373-0539*
*Telephone*

*Notices@DannLaw.com*
*Email*

*216-373-0536*
*Fax*

March 15, 2021

LoanDepot
PO Box 251027
Plano, TX 75025

*\*Sent via Certified Mail return receipt requested [ 7020 1810 0001 5613 0506 ]*

**In the Matter of:**

    Borrower's Name:    Elaine M. Johnson
    Property Address:    <u>221 Smith Ave. SW Canton OH 44706</u>
    Mortgage Account No.:    █████████

**\*\*If responding to this correspondence by e-mail, please send to *notices@dannlaw.com***

**Re: Request for Information Pursuant to 12 C.F.R. § 1024.36**

Dear Sir or Madam:

This is a Request for Information related to your servicing of the above-referenced mortgage loan. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The written authority of the above-referenced borrower (the "Borrower") for this request to our law firm is enclosed.

Pursuant to 12 C.F.R. § 1024.36(c), you must provide our office with a written response acknowledging your receipt of this request *within five (5) business days* of such. Pursuant to 12 C.F.R. § 1024.36(d)(ii)(2)(B), you must provide the information requested herein, *infra*, *within thirty (30) business days* of your receipt of this request.

Please provide the following information within the time periods noted herein:

    1. An exact reproduction of the life of loan mortgage transaction history for this loan from the contract system of record from your electronic software program for this loan. For purposes of identification, the life of loan transaction history means any software program or system by which the servicer records the current mortgage balance, the receipt of all payments, the assessment of any late fees or charges, and the recording of any corporate advances for any fees or charges including but not limited to property inspection fees, broker price opinion fees, legal fees, escrow fees, processing fees, technology fees, or any other collateral charge. Also, to the extent this life of loan transaction history includes in numeric or alpha-numeric codes,

Mailing Address
PO Box 6031040
Cleveland OH  44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH  44115



please attach a complete list of all such codes and state in plain English a short description for each such code.

2. Copies of any and all servicing notes related to your servicing of the above-referenced mortgage loan from January 10, 2014.

3. Copies of any and all broker's price opinions you performed or otherwise obtained for the above-referenced property in relation to the above-referenced mortgage loan.

4. A true and accurate copy of the original note related to the above-referenced mortgage loan.

5. A detailed copy of your last two (2) analyses of the escrow account of the mortgage.

6. A copy of an accurate and up-to-date reinstatement quote and/or reinstatement letter showing the exact amount needed to cure any default or delinquency on the above-referenced loan as well as a date through which such amount is to remain good and valid.

7. Each date upon which you received a loss mitigation application, whether complete or incomplete, from the Borrower regarding the Loan from January 10, 2014 to the present. Please note that, pursuant to 12 C.F.R. § 1024.41(b)(1), a "complete loss mitigation application" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower."

8. A copy of any written correspondence that you sent to the Borrower pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(b)(2)(i)(B) regarding the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence you sent to the Borrower notifying the Borrower as to whether any submitted loss mitigation application was complete or incomplete, and if incomplete, stating what documentation and/or information was necessary to complete such application.

9. A copy of any written correspondence that you sent to the Borrower pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(c)(1)(ii) regarding the Loan from January 10, 2014 to the present. In other words, please provide a copy of any written correspondence you sent to the Borrower notifying the Borrower as to which loss mitigation options, if any, you would offer the Borrower on behalf of the owner or assignee of the mortgage.

Mailing Address
PO Box 6031040
Cleveland OH  44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH  44115



10. A copy of all trial period payment plans, loan modification agreements, or loss mitigation agreements otherwise that you have offered to the Borrower, regardless of whether they were accepted or rejected by the Borrower.

11. Each date upon which you received an executed loss mitigation agreement from the Borrower regarding the Loan from January 10, 2014 to the present.

12. Each date upon which you received or otherwise came into possession of an appeal of loss mitigation eligibility from the Borrower regarding the Loan from January 10, 2014 to the present.

13. A copy of any written correspondence that you sent to the Borrower pursuant to or otherwise in compliance with 12 C.F.R. § 1024.41(h)(4) regarding the Loan from January 10, 2014 to the present. In other words, provide a copy of any written correspondence you sent to the Borrower stating your determination of whether you would offer the Borrower a loss mitigation option based upon an appeal of your denial of the Borrower's eligibility for any loss mitigation option.

Best Regards,

Molly Forkins

Molly Forkins

Enclosure

Mailing Address
PO Box 6031040
Cleveland OH 44103

DannLaw.com
877-475-8100

Physical Address
2728 Euclid Ave Suite 300
Cleveland OH 44115



Cleveland | Columbus | Cincinnati | New Jersey | New York  Dann Law

Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s):     Elaine Johnson

Property Address:     221 Smith Ave SW Canton Ohio 4470

Mortgage Loan No.:     ████████

Re:     Written Consent/Authorization for Requests for Information & Notices of Error

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for Loan Depot , the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _Elaine Johnson_     Date:     01 / 30 / 2021

Print Name:     Elaine Johnson

Doc ID: 8675deae7e8aeeaafbbe7bb8435fccb818abd7d

7020 1810 0001 5613 0506

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7020 1810 0001 5613 0506

7020 1810 0001 5613 0506

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To   Loan Depot

Street and Apt. No., or PO Box No.   P.O. Box 251027

City, State, ZIP+4®   Plano Tx 75025

26760
Johnson Elaine

Postmark
Here

4/2/2021                                  USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70201810000156130506

Remove ✕

Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

## ⊘ Delivered, Individual Picked Up at Postal Facility

March 22, 2021 at 11:23 am
PLANO, TX 75025

Feedback

Get Updates ∨

---

**Text & Email Updates**                                    ∨

---

**Tracking History**                                         ∧

March 22, 2021, 11:23 am
Delivered, Individual Picked Up at Postal Facility
PLANO, TX 75025
Your item was picked up at a postal facility at 11:23 am on March 22, 2021 in PLANO, TX 75025.

---

March 20, 2021, 11:25 am
Available for Pickup
PLANO, TX 75025

---

March 20, 2021, 11:24 am
Arrived at Post Office
PLANO, TX 75025

March 19, 2021, 10:03 pm
Departed USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER

March 19, 2021, 11:57 am
Arrived at USPS Regional Facility
COPPELL TX DISTRIBUTION CENTER

March 18, 2021
In Transit to Next Facility

March 17, 2021, 6:39 pm
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**Product Information**       ⌄    Feedback

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**





U.S. Postal Service®
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

LoanDepot*
P.O. Box 77404
Ewing, NJ 08628

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

7021 0350 0001 6113 1289

CERTIFIED MAIL

7021 0350 0001 6113 1289

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70210350000161131289

Remove ✕

Your item was delivered at 2:47 pm on August 20, 2021 in TRENTON, NJ 08628.

## ✅ Delivered

August 20, 2021 at 2:47 pm
TRENTON, NJ 08628

Feedback

**Get Updates** ∨

---

**Text & Email Updates**  ∨

---

**Tracking History**  ∧

August 20, 2021, 2:47 pm
Delivered
TRENTON, NJ 08628
Your item was delivered at 2:47 pm on August 20, 2021 in TRENTON, NJ 08628.

---

August 20, 2021, 2:44 pm
Available for Pickup
TRENTON, NJ 08628

---

August 20, 2021, 12:48 pm
Arrived at Post Office
TRENTON, NJ 08628

August 20, 2021, 2:56 am
Departed USPS Regional Facility
TRENTON NJ DISTRIBUTION CENTER

August 19, 2021, 11:29 am
Arrived at USPS Regional Facility
TRENTON NJ DISTRIBUTION CENTER

August 18, 2021
In Transit to Next Facility

August 17, 2021, 9:58 pm
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**Product Information**  ∨

Feedback

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**U.S. Postal Service**™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

06760
NOE

Postmark
Here

7021 0350 0001 4705 9378

LoanDepot*
P.O. Box 77423
Ewing, NJ 08628

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70210350000147059903

Remove ✕

Your item was delivered at 5:32 pm on October 18, 2021 in TRENTON, NJ 08628.

## ⊘ Delivered

October 18, 2021 at 5 32 pm
TRENTON, NJ 08628

**Get Updates** ∨

Feedback

---

**Text & Email Updates**                                      ∨

---

**Tracking History**                                          ∧

**October 18, 2021, 5:32 pm**
Delivered
TRENTON, NJ 08628
Your item was delivered at 5:32 pm on October 18, 2021 in TRENTON, NJ 08628.

**October 18, 2021, 11:58 am**
Arrived at Post Office
TRENTON, NJ 08628

**October 17, 2021**
In Transit to Next Facility

October 14, 2021, 8:33 pm
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

---

## Product Information                                                    ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQ    ection to find an  wer   to your tracking que tion

## FAQs

Feedback

# EXHIBIT 11



PO Box 77404
Ewing NJ 08628

Karen Ortiz
Dann Law
15000 Madison Ave.
Lakewood, OH 44107



October 28, 2021

Karen Ortiz
Dann Law
15000 Madison Ave.
Lakewood, OH 44107

Re:     Loan number: ███████████
        Property Address: 221 Smith Ave. SW, Canton, OH

Dear Karen Ortiz:

This letter is in response to your correspondence dated September 27, 2021, received in our office on October 1, 2021.

Thank you for contacting us. Our records reflect that we received a Notice of Error from your office on behalf of the borrower, Elaine M. Johnson. Pursuant to the Real Estate Settlement Procedures Act (12 CRF 1024.35(I), a servicer may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the error notice. It is our practice upon receipt of any Notice of Error to suppress all reporting in order to ensure that there is no negative reporting. This borrower's loan was not singled out. In light of the concerns that you have raised however, we have requested that the loan resume reporting on the next occasion that we report to the credit repositories.

Our review of the loan determined that no servicing errors occurred related to our suppression of the credit reporting upon receipt of the Notice of Error sent by your firm. You have a right to receive a copy of the documentation we relied upon to reach this conclusion. For your convenience, the documentation is enclosed.

Should you require additional assistance, or wish to dispute the outcome of our review, please contact us in writing at loanDepot, PO Box 77423, Ewing, New Jersey 08628. Alternatively, we may be reached by telephone at 866-677-8807.

Sincerely,

*Arthur Swidler*

Arthur Swidler
Executive Resolution Specialist Sr.

Enclosures

```
SER1 ████████        _____    CUSTOMER SERVICE  INV N59/705  10/07/21  14:50:18

ELAINE M JOHNSON          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 0C  TYPE F.H.A.              MAN M
                          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      IR  4.62500  BR HZ    330-588-8921
221 SW SMITH AVE          CANTON OH 44706                        000-000-0000

-----HIST-----------------------* LOAN HISTORY *-----------------------(MORE)
PROC-DT  DUE-DT  TRAN  TRAN-DESCRIPTION      SG NO        TRAN-EFFECTIVE-DATE
   TRAN-AMT  PRINCIPAL    INTEREST      ESCROW    AMOUNT/CD/DESCRIPTION
10-07-21  10-21  161  ESCROW ADVANCE
      23.32       0.00       0.00      23.32
10-07-21  08-22  310  MORTGAGE INSURANCE DISBURSEMENT
      23.32-      0.00       0.00      23.32-          PAYEE =    RBP
                                      181.75-

09-14-21  10-21  161  ESCROW ADVANCE
     158.43       0.00       0.00     158.43
09-14-21  09-21  351  HAZARD INS (PRIMARY POLICY)
   1,714.00-      0.00       0.00   1,714.00-          PAYEE =    LBL22
                                      158.43-

09-08-21  09-21  172  PAYMENT
     471.33     105.40     197.92     168.01
            51,247.07                1,555.57
09-02-21  08-22  310  MORTGAGE INSURANCE DISBURSEMENT
      23.32-      0.00       0.00      23.32-          PAYEE =    RBP
                                                                  1,387.56

08-03-21  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
      23.90-      0.00       0.00      23.90-          PAYEE =    RBP
                                                                  1,410.88

08-02-21  08-21  172  PAYMENT
     471.33     104.99     198.33     168.01
            51,352.47                1,434.78
07-12-21  07-21  172  PAYMENT
     471.33     104.59     198.73     168.01
            51,457.46                1,266.77
07-02-21  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
      23.90-      0.00       0.00      23.90-          PAYEE =    RBP
                                                                  1,098.76

07-01-21  07-21  312  COUNTY TAX
      62.74-      0.00       0.00      62.74-          PAYEE =    34151
                                                                  1,122.66

06-08-21  06-21  172  PAYMENT
     471.33     104.19     199.13     168.01
            51,562.05                1,185.40
06-02-21  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
      23.90-      0.00       0.00      23.90-          PAYEE =    RBP
                                                                  1,017.39

05-04-21  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
```

```
              23.90-         0.00        0.00      23.90-          PAYEE =     RBP
                                                                                    1,041.29
05-03-21  06-21  173  PAYMENT
              74.31         0.00        0.00       0.00        74.31 1 LATE CHARGE
05-03-21  05-21  172  PAYMENT
             471.86       103.79      199.53     168.54
                       51,666.24              1,065.19
04-02-21  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
              23.90-         0.00        0.00      23.90-          PAYEE =     RBP
                                                                                     896.65
03-22-21  04-21  172  PAYMENT
             471.86       103.39      199.93     168.54
                       51,770.03                920.55
03-11-21  03-21  172  PAYMENT
             490.17       102.99      200.33     186.85
                       51,873.42                752.01
03-02-21  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
              23.90-         0.00        0.00      23.90-          PAYEE =     RBP
                                                                                     565.16
02-02-21  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
              23.90-         0.00        0.00      23.90-          PAYEE =     RBP
                                                                                     589.06
02-01-21  02-21  312  COUNTY TAX
              62.74-         0.00        0.00      62.74-          PAYEE =    34151
                                                                                     612.96
01-27-21  03-21  132  LATE CHARGE ADJUSTMENT
               0.00         0.00        0.00       0.00        17.08 1 LATE CHARGE
01-15-21  03-21  173  PAYMENT
               2.00         0.00        0.00       0.00         2.00 W ONE TIME DRAFT(DFT4)
01-15-21  02-21  172  PAYMENT
             490.17       102.60      200.72     186.85
                       51,976.41                675.70
01-08-21  02-21  173  PAYMENT
               2.00         0.00        0.00       0.00         2.00 W ONE TIME DRAFT(DFT4)
01-08-21  01-21  172  PAYMENT
             490.17       102.20      201.12     186.85
                       52,079.01                488.85
01-05-21  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
              23.90-         0.00        0.00      23.90-          PAYEE =     RBP
                                                                                         302
12-08-20  01-21  173  PAYMENT
               2.00         0.00        0.00       0.00         2.00 W ONE TIME DRAFT(DFT4)
12-08-20  12-20  172  PAYMENT
             490.17       101.81      201.51     186.85
                       52,181.21                325.90

12-02-20  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
```

```
         23.90-            0.00         0.00       23.90-              PAYEE =    RBP
                                                                                        139.05

11-25-20  00-00  307  ESCROW REFUND
         111.58-           0.00         0.00      111.58-
                                                                                        162.95

11-23-20  12-20  173  PAYMENT
         111.58            0.00         0.00      111.58
                                                                                        274.53

11-16-20  12-20  173  PAYMENT
          2.00            0.00         0.00        0.00            2.00 W ONE TIME DRAFT(DFT4)

11-16-20  11-20  168  REPAY OF ESCROW ADVANCE
          0.00            0.00         0.00       23.90-           23.90

11-16-20  11-20  172  PAYMENT
         490.17          101.42       201.90      186.85
                        52,283.02                 162.95

11-03-20  11-20  161  ESCROW ADVANCE
         23.90            0.00         0.00       23.90

11-03-20  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
         23.90-           0.00         0.00       23.90-              PAYEE =    RBP
                                                  23.90-

10-13-20  00-00  307  ESCROW REFUND
         111.58-           0.00        0.00      111.58-
                                                                                              0

10-07-20  11-20  173  PAYMENT
          2.00            0.00         0.00        0.00            2.00 W ONE TIME DRAFT(DFT4)

10-07-20  10-20  168  REPAY OF ESCROW ADVANCE
          0.00            0.00         0.00       11.98-           11.98

10-07-20  10-20  172  PAYMENT
         426.88          101.03       202.29      123.56
                        52,384.44                 111.58

10-07-20  10-20  168  REPAY OF ESCROW ADVANCE
          0.00            0.00         0.00      154.15-          154.15

10-07-20  10-20  173  PAYMENT
         154.15           0.00         0.00      154.15
                                                  11.98-

10-02-20  10-20  161  ESCROW ADVANCE
         23.90            0.00         0.00       23.90

10-02-20  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
         23.90-           0.00         0.00       23.90-              PAYEE =    RBP
                                                 166.13-

09-15-20  09-20  168  REPAY OF ESCROW ADVANCE
          0.00            0.00         0.00      123.56-          123.56

09-15-20  09-20  172  PAYMENT
         426.88          100.64       202.68      123.56
                        52,485.47                 142.23-
```

```
09-02-20  09-20  161  ESCROW ADVANCE
      23.90      0.00      0.00     23.90
09-02-20  08-21  310  MORTGAGE INSURANCE DISBURSEMENT
      23.90-     0.00      0.00     23.90-              PAYEE =    RBP
                                  265.79-

09-01-20  09-20  161  ESCROW ADVANCE
     241.89      0.00      0.00    241.89
09-01-20  09-20  351  HAZARD INS (PRIMARY POLICY)
   1,420.00-     0.00      0.00  1,420.00-              PAYEE =    LBL22
                                  241.89-

08-14-20  08-20  172  PAYMENT
     426.88    100.26    203.06    123.56
              52,586.11          1,178.11
08-04-20  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
      24.45-     0.00      0.00     24.45-              PAYEE =    RBP
                                                                        1,054.55

07-13-20  07-20  172  PAYMENT
     426.88     99.87    203.45    123.56
              52,686.37          1,079.00
07-02-20  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
      24.45-     0.00      0.00     24.45-              PAYEE =    RBP
                                                                          955.44

07-01-20  07-20  312  COUNTY TAX
      55.12-     0.00      0.00     55.12-              PAYEE =    34151
                                                                          979.89

06-26-20  06-20  172  PAYMENT
     426.88     99.49    203.83    123.56
              52,786.24          1,035.01
06-17-20  06-20  152  LATE CHARGE ASSESSMENT
       0.00      0.00      0.00      0.00      17.08-1 LATE CHARGE
06-02-20  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
      24.45-     0.00      0.00     24.45-              PAYEE =    RBP
                                                                          911.45

05-08-20  05-20  172  PAYMENT
       0.00     99.11    204.21    123.56
              52,885.73            935.90
05-08-20  04-20  172  PAYMENT
     853.76     98.73    204.59    123.56
              52,984.84            812.34
05-04-20  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
      24.45-     0.00      0.00     24.45-              PAYEE =    RBP
                                                                          688.78

04-17-20  04-20  152  LATE CHARGE ASSESSMENT
       0.00      0.00      0.00      0.00      17.08-1 LATE CHARGE
04-15-20  03-20  172  PAYMENT
     443.75     98.35    204.97    140.43
              53,083.57            713.23
```

```
04-02-20  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
       24.45-        0.00      0.00     24.45-          PAYEE =    RBP
                                                                          572.8

03-17-20  03-20  152  LATE CHARGE ASSESSMENT
        0.00         0.00      0.00      0.00     17.75-1 LATE CHARGE
03-03-20  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
       24.45-        0.00      0.00     24.45-          PAYEE =    RBP
                                                                          597.25

02-21-20  00-00  307  ESCROW REFUND
      154.15-        0.00      0.00    154.15-
                                                                          621.7


02-19-20  02-20  312  COUNTY TAX
       55.12-        0.00      0.00     55.12-          PAYEE =    34151
                                                                          775.85
02-18-20  02-20  173  PAYMENT
      445.75        97.97    205.35    140.43      2.00 W ONE TIME DRAFT(DFT4)
                 53,181.92            830.97
02-04-20  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
       24.45-        0.00      0.00     24.45-          PAYEE =    RBP
                                                                          690.54

01-10-20  01-20  173  PAYMENT
      445.75        97.59    205.73    140.43      2.00 W ONE TIME DRAFT(DFT4)
                 53,279.89            714.99
01-03-20  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
       24.45-        0.00      0.00     24.45-          PAYEE =    RBP
                                                                          574.56

12-19-19  01-20  175  PRINCIPAL PAYMENT                          12-17-19
       39.25        39.25      0.00      0.00
                                                                      53,377.48

12-19-19  01-20  132  LATE CHARGE ADJUSTMENT
        0.00         0.00      0.00      0.00     17.75 1 LATE CHARGE
12-19-19  12-19  173  PAYMENT                                    12-17-19
      443.75        97.07    206.25    140.43
                 53,416.73            599.01


12-17-19  12-19  152  LATE CHARGE ASSESSMENT
        0.00         0.00      0.00      0.00     17.75-1 LATE CHARGE
12-03-19  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
       24.45-        0.00      0.00     24.45-          PAYEE =    RBP
                                                                      458.58

11-15-19  12-19  173  PAYMENT
        2.00         0.00      0.00      0.00      2.00 W ONE TIME DRAFT(DFT4)
11-15-19  11-19  172  PAYMENT
      443.75        96.70    206.62    140.43
                 53,513.80            483.03
```

```
11-04-19  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
   24.45-        0.00        0.00        24.45-              PAYEE =   RBP
                                                                              342.6
   10-16-19  10-19  172  PAYMENT
      443.75        96.32      207.00      140.43
                 53,610.50                367.05
      10-02-19  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
         24.45-        0.00        0.00        24.45-          PAYEE =   RBP
                                                                              226.62
   09-16-19  09-19  172  PAYMENT
      443.75        95.96      207.36      140.43
                 53,706.82                251.07
   09-04-19  09-19  351  HAZARD INS (PRIMARY POLICY)
    1,079.00-        0.00        0.00    1,079.00-            PAYEE =   GAM1B
                                                                              110.64
   09-04-19  08-20  310  MORTGAGE INSURANCE DISBURSEMENT
      24.45-        0.00        0.00        24.45-             PAYEE =   RBP
                                                                            1,189.64
   08-16-19  08-19  172  PAYMENT
      443.75        95.59      207.73      140.43
                 53,802.78              1,214.09
   08-02-19  08-19  310  MORTGAGE INSURANCE DISBURSEMENT
      24.97-        0.00        0.00        24.97-             PAYEE =   RBP
                                                                            1,073.66
   07-15-19  07-19  172  PAYMENT
      443.75        95.22      208.10      140.43
                 53,898.37              1,098.63
   07-02-19  08-19  310  MORTGAGE INSURANCE DISBURSEMENT
      24.97-        0.00        0.00        24.97-             PAYEE =   RBP
                                                                              958.2
   07-01-19  07-19  312  COUNTY TAX
      55.41-        0.00        0.00        55.41-             PAYEE =   34151
                                                                              983.17
   06-17-19  06-19  172  PAYMENT
      443.75        94.85      208.47      140.43
                 53,993.59              1,038.58
   06-04-19  08-19  310  MORTGAGE INSURANCE DISBURSEMENT
      24.97-        0.00        0.00        24.97-             PAYEE =   RBP
                                                                              898.15
   05-15-19  05-19  172  PAYMENT
      443.75        94.49      208.83      140.43
                 54,088.44                923.12
   05-02-19  08-19  310  MORTGAGE INSURANCE DISBURSEMENT
      24.97-        0.00        0.00        24.97-             PAYEE =   RBP
                                                                              782.69
   04-12-19  04-19  172  PAYMENT
      443.75        94.13      209.19      140.43
```

```
                    54,182.93                807.66
04-03-19  08-19  310  MORTGAGE INSURANCE DISBURSEMENT
        24.97-       0.00        0.00       24.97-          PAYEE =    RBP
                                                                                  667.23
03-20-19  03-19  172  PAYMENT
       493.39       93.77      209.55      190.07
                    54,277.06               692.20
03-18-19  03-19  152  LATE CHARGE ASSESSMENT
         0.00        0.00        0.00        0.00      19.74-1 LATE CHARGE
03-14-19  02-19  172  PAYMENT
       493.39       93.41      209.91      190.07
                    54,370.83               502.13
03-04-19  08-19  310  MORTGAGE INSURANCE DISBURSEMENT
        24.97-       0.00        0.00       24.97-          PAYEE =    RBP
                                                                                  312.06
02-19-19  02-19  152  LATE CHARGE ASSESSMENT
         0.00        0.00        0.00        0.00      19.74-1 LATE CHARGE
02-15-19  02-19  173  PAYMENT
        19.74        0.00        0.00        0.00      19.74 1 LATE CHARGE
02-15-19  01-19  173  PAYMENT
       498.39       93.05      210.27      190.07       5.00 W ONE TIME DRAFT(DFT4)
                    54,464.24               337.03
02-04-19  08-19  310  MORTGAGE INSURANCE DISBURSEMENT
        24.97-       0.00        0.00       24.97-          PAYEE =    RBP
                                                                                  146.96
02-01-19  02-19  312  COUNTY TAX
        55.41-       0.00        0.00       55.41-          PAYEE =    34151
                                                                                  171.93
01-17-19  01-19  152  LATE CHARGE ASSESSMENT
         0.00        0.00        0.00        0.00      19.74-1 LATE CHARGE
01-03-19  08-19  310  MORTGAGE INSURANCE DISBURSEMENT
        24.97-       0.00        0.00       24.97-          PAYEE =    RBP
                                                                                  227.34
```

PRSRT
FIRST-CLASS MAIL
U.S. POSTAGE PAID
NCP

# EXHIBIT 12



**Columbus** | **Cincinnati** | **Cleveland** | **New Jersey** | **New York**

Dann Law

*216-373-0539*
*Main Office Telephone*

*notices@dannlaw.com*
*Office-Wide Email*

*216-373-0536*
*Fax*

December 2, 2021

loanDepot*
P.O. Box 77423
Ewing, NJ 08628

*\*Sent via Certified Mail [Tracking No.7021 1970 0000 9947 9168]*
*\*\*If responding to this correspondence via email, please send to notices@dannlaw.com*

**In the Matter of:**

| | |
|---|---|
| Borrower's Name: | Elaine M. Johnson |
| Property Address: | 221 Smith Ave. SW, Canton, OH 44706 |
| Mortgage Account No.: | ▮▮▮▮▮▮▮▮▮ |

**Re:** **Notice of error pursuant to 12 C.F.R. §§ 1024.35(b)(5) and/or (11) for failing to issue an accurate annual escrow account disclosure statement in violation of 12 U.S.C. § 2605(k)(1)(E) and/or notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to return an escrow surplus to the borrower as required by 12 C.F.R. § 1024.17(f)(2) and in violation of 12 U.S.C. § 2605(k)(1)(E)**

Dear Sir or Madam:

This is a notice of error under 12 C.F.R. § 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act (RESPA) and otherwise pursuant to 12 U.S.C. § 2605(k)(1)(C). The written authority of the above-referenced borrower (the "Borrower") authorizing our law firm to send this notice on their behalf concerning the above-referenced loan (the "Loan") is enclosed and incorporated herein by reference. loanDepot must send written notice acknowledging receipt of this notice *within five (5) business days*. See 12 C.F.R. § 1024.35(d). loanDepot must send its written response to this notice *within thirty (30) business days* of receipt. *See* 12 C.F.R. § 1024.35(e)(3)(i)(C); 12 U.S.C. § 2605(k)(1)(C).

**Error pursuant to 12 C.F.R. §§ 1024.35(b)(5) and/or (11) for failing to issue an accurate annual escrow account disclosure statement in violation of 12 U.S.C. § 2605(k)(1)(E) and/or notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to return an escrow surplus to the borrower as required by 12 C.F.R. § 1024.17(f)(2) and in violation of 12 U.S.C. § 2605(k)(1)(E):**



On or about February 1, 2021, loanDepot sent an Annual Escrow Account Disclosure Statement to the Borrower indicating that there was a shortage on the Borrower's escrow account and that the Borrower had to remit an additional payment of $17.12 each month to cover such shortage.

This is despite just a few months prior, loanDepot claims through such statement that the Borrower received an escrow surplus of $111.58 in or around November 2020—per the transaction history for the Loan, the escrow refund was purportedly issued effective November 23, 2020.

On or about April 28, 2021, loanDepot sent *another* Annual Escrow Account Disclosure Statement to the Borrower indicating that there was *again* (or rather *still*) a shortage on the Borrower's escrow account and that the Borrower had to remit an additional payment of $15.32 each month to cover such shortage.

The transaction history for the Loan also indicates that on or about February 21, 2020, that loanDepot claims to have issued an escrow refund to the Borrower in the amount of $154.15.

In total, since February 2020, loanDepot claims to have issued escrow refunds for escrow surpluses on the Loan in an amount totaling $265.73. Following these disbursements, loanDepot then claimed that there was a *shortage* on the account. Had there actually been an escrow surplus, then it would not be feasible for there to subsequently (and nearly simultaneously) be an escrow shortage. As such, one or both of the aforementioned escrow statements was inaccurate.

Further, the Borrower has no record of receipt of any funds in the amount of $111.58 or $154.15, or otherwise totaling $265.73 nor has the Borrower cashed any such checks for these amounts. On information and belief, loanDepot has failed to timely return the surplus escrow funds as required by 12 C.F.R. § 1024.17(f)(2).

loanDepot's actions in failing to issue accurate escrow statements and for otherwise failing to timely refund escrow surpluses to the Borrower constitute one or more errors in the servicing of the Loan pursuant to 12 C.F.R. §§ 1024.35(b)(4), (5), and/or (11).

loanDepot's actions have created a situation where the Borrower has remitted sufficient funds for escrow, has not received her surplus escrow funds, and then been required to account for a "shortage" that was caused by the apparent surplus. This has, in effect, caused the Borrower to effectively double-pay a portion of her escrow obligation while the funds for the surplus which could be used to cover such amounts remains in control and/or possession of loanDepot. The Borrower is on an extremely fixed budget and income and this situation that loanDepot manufactured has caused havoc to her financial well-being and significant amounts of undue stress. Moreover, the Borrower has attempted on *numerous* prior occasions to have loanDepot address her concerns to no avail.



**Conclusion and Requested Actions:**

loanDepot has committed one or more errors related to the Loan.

Please correct this error as described, *supra*, and provide us with notification of the correction(s), the date of the correction(s), and contact information for further assistance; or, after conducting a reasonable investigation, provide the Borrower, ***through our office***, with a written notification that includes: a statement that you have determined that no error(s) occurred; a statement of the reason(s) for such determination; a statement of the Borrower's right to request documents upon which you relied in reaching your determination; information regarding how the Borrower can request such documents; and, contact information for further assistance.

At a minimum, in order to correct this error, the Borrower expects loanDepot: (1) issue a corrective, retroactive annual escrow statement which recalculates the proper escrow amounts due; (2) correct the Borrower's account to reflect the Borrower's monthly amount due from February 2020 to the present; (3) return any funds improperly paid pursuant to the inaccurate and improper escrow statements; (4) properly reapply the Borrower's payments pursuant to the corrective escrow analysis; and (5) provide compensation to the Borrower in an appropriate to account for the damages caused to her by loanDepot's actions.

*Please also remit funds, payable to our firm, for reimbursement of legal fees and costs incurred by the Borrower for the preparation and mailing of the instant notice which would not have been necessary but for loanDepot's failure to properly handle the escrow account for the Loan. Please contact our office for a final accounting of the fees and costs incurred in the preparation of, drafting of, and mailing of the instant notice as such amount will not be known until after this correspondence is issued.*

Best Regards,

Karen Ortiz

Karen Ortiz

Enclosures



Cleveland  |  Columbus  |  Cincinnati  |  New Jersey  |  New York



Telephone: 216-373-0539
Facsimile: 216-373-0536
Email: Notices@DannLaw.com

In the Matter of:
Borrower(s): __Elaine Johnson__

Property Address: __221 Smith Ave SW Canton Ohio 4470__

Mortgage Loan No.: ████████

**Re:     Written Consent/Authorization for Requests for Information & Notices of Error**

To Whom It May Concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for __loan Depot__ , the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

DannLaw
P.O. Box 6031040, Cleveland, OH 44103

Signed: _____*Elaine Johnson*_____     Date: __01 / 30 / 2021__

Print Name: __Elaine Johnson__

Doc ID: f8675dea67e8aeeaafbbe7bb8435fccb818abd7d

7021 1970 0000 9947 9168

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



7021 1970 0000 9947 9168
7021 1970 0000 9947 9168



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required

Postmark
Here

Present
Not
Do This

loanDepot*
P.O. Box 77423
Ewing, NJ 08628

PS Form 3800, April 2015   PSN 7530-02-000-9047   See Reverse for Instructions

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70211970000099479168

Remove ✕

Your item was delivered at 5:58 pm on December 7, 2021 in TRENTON, NJ 08628.

## ✓ Delivered

December 7, 2021 at 5:58 pm
TRENTON, NJ 08628

Feedback

**Get Updates** ∨

---

**Text & Email Updates**                                              ∨

---

**Tracking History**                                                   ∧

**December 7, 2021, 5:58 pm**
Delivered
TRENTON, NJ 08628
Your item wa  delivered at 5 58 pm on December 7, 2021 in TRENTON, NJ 08628

**December 7, 2021, 5:55 pm**
Available for Pickup
TRENTON, NJ 08628

**December 7, 2021, 9:07 am**
Arrived at Post Office
TRENTON, NJ 08628

**December 6, 2021**
In Transit to Next Facility

**December 5, 2021, 3:03 am**
Departed USPS Regional Facility
TRENTON NJ DISTRIBUTION CENTER

**December 4, 2021, 1:38 pm**
Arrived at USPS Regional Facility
TRENTON NJ DISTRIBUTION CENTER

**December 2, 2021, 11:26 pm**
Departed USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

**December 2, 2021, 10:28 pm**
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER

Feedback

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Clerk of Courts, Lynn M. Todaro
Stark County Common Pleas Court
115 Central Plaza North
Suite 101
Canton, Ohio 44702

# EXHIBIT 13

**loanDepot**

ELAINE M JOHNSON
221 SMITH AVE SW
CANTON OH 44706 1146

ESCROW STATEMENT

Each year, we perform an escrow analysis to ensure that there are enough funds in your escrow account to pay your taxes and insurance premiums. If there are not enough funds in your account to pay the projected taxes and/or insurance premium, your account is considered to have a shortage. Your escrow account has a shortage in the amount of $410.36

For more information about why your taxes or insurance premium adjusted, please contact your taxing authority or your insurance company.

Below is a summary of your recent escrow activity. Please make sure to review the enclosed escrow account disclosure statement for the full details.

## Annual Escrow Review

| Escrow Item | Expected to Pay | Change | NOW Expect to Pay |
|---|---|---|---|
| Insurance | $1,420.00 | + | $1,714.00 |
| Taxes | $125.48 | + | $251.48 |
| Mortgage Insurance | $286.80 | - | $279.84 |

## Monthly Payment Comparison

| Payment Itemization | Current | New |
|---|---|---|
| Principal and Interest | $303.32 | $303.3 |
| Escrow Deposit | $168.01 | $187. |
| Escrow Shortage | | |
| Total Payment | | |

## What are your options?

**Take No Action and Pay Over Time**
Your shortage will automatically be divided evenly over your next 12 mortgage payments. Your new monthly mortgage payment will be $524.63, beginning with your payment which is due on 04/01/22

**Pay the Shortage in Full**
You can choose to pay your full shortage amount and your mortgage payment will become $490.43.

If you would like

Online bill pay customers, please remember to update your monthly
If you have elected to have us deduct your monthly payment from
the payment amount for you.

Visit loandepot.loanadministration.com to view all of your escrow information
receive this statement electronically? Sign up for paperless. Want to

Elaine M Johnson
221 Smith Ave SW
Canton OH 44706-1146

Loan Number
Shortage Amount      $410.36

If you choose to pay your escrow shortage of $410.36
loan payment amount will be $490.43. Please include
number on your check and make it payable to loanD
to.

## " CONTINUATION "

| Month | To Escrow | From Escrow | | Description | | Balance |
|---|---|---|---|---|---|---|
| | | | | | 1,420.00 | 1,290.67 |
| JUL 2021 | | | 62.74 | 62.74 * R.E. TAX | | |
| JUL 2021 | | | | 23.90 * FHA MIP | 1,420.00 | 1,266.77 |
| AUG 2021 | 152.69 | 168.01 * | 23.90 | 23.90 * FHA MIP | 1,548.79 | 1,410.68 |
| SEP 2021 | 152.69 | 168.01 * | 23.90 | * FHA MIP | 1,677.58 | |
| SEP 2021 | | 1,420.00 | | 1,714.00 * HAZARD INS | 257.58 | |
| SEP 2021 | | | | 23.32 * FHA MIP | 257.58 | |
| OCT 2021 | 152.69 | 279.59 * | 23.90 | | 386.37 | |
| OCT 2021 | | | | 23.32 * FHA MIP | 386.37 | |
| NOV 2021 | 152.69 | 168.01 * | 23.90 | * FHA MIP | 515.16 | |
| NOV 2021 | | | | 23.32 * FHA MIP | 515.16 | |
| DEC 2021 | 152.69 | 168.01 * | 23.90 | * FHA MIP | 643.95 | |
| DEC 2021 | | | | 23.32 * FHA MIP | 643.95 | |
| JAN 2022 | 152.69 | 168.01 * | 23.90 | * FHA MIP | 772.74 | |
| JAN 2022 | | | | 23.32 * FHA MIP | 772.74 | |
| FEB 2022 | 152.69 | 246.68 * | 23.90 | * FHA MIP | 901.53 | |
| FEB 2022 | | | 62.74 | 125.74 * R.E. TAX | 838.79 | |
| FEB 2022 | | | | 23.32 * FHA MIP | 838.79 | |
| MAR 2022 | 152.69 | 168.01 E* | 23.90 | 23.32 E* FHA MIP | 967.58 | |
| APR 2022 | 152.69 | | 23.90 | * FHA MIP | 1,096.37 | |
| MAY 2022 | 152.69 | | 23.90 | * FHA MIP | 1,225.16 | |

An asterisk (*) beside an amount indicates a difference from projected activity either in the amount or the date.  Please note since mortgage insurance is paid monthly on the annual renewal date of the premium and PMI is paid monthly for the prior month's premium, additional asterisks report in the History for these items, if applicable. The letter "E" beside an amount indicates that the payment or disbursement has not yet occurred, but is expected to occur as shown.

Last year we anticipated that Disbursements would be made from your Escrow Account during the period equaling $_____ and that your lowest monthly balance should not have exceeded $257.58, or 1/6th of total anticipated payments from the account unless your loan contract or State law specifies a lower amount.

Under your loan contract and State law your lowest monthly balance should not have exceeded $257.58.

## ACCOUNT PROJECTIONS

The following estimate of activity in your escrow account from 04/22 through 03/23 is provided _____ well as disbursements we anticipate making on your behalf are included, along with the projected _____ your current actual escrow balance. The Required Escrow Account Balance displayed _____ law. State law and your loan documents, and may include a cushion of up to 1/6th _____ comparison with the actual activity in your account at the end of the next escrow account _____

| | Anticipated Amount | | |
|---|---|---|---|
| Month | To Escrow | From Escrow | Description |
| | | | Begin_____ |
| APR 2022 | 187.11 | 23.32 | FHA M_____ |
| MAY 2022 | 187.11 | 23.32 | FHA M_____ |
| JUN 2022 | 187.11 | 23.32 | FHA M_____ |
| JUL 2022 | 187.11 | 23.32 | FHA M_____ |
| JUL 2022 | | 125.74 | R.E. _____ |
| AUG 2022 | 187.11 | 23.32 | FHA M_____ |
| SEP 2022 | 187.11 | 23.32 | FHA M_____ |
| SEP 2022 | | 1,714.00 | HAZA_____ |
| OCT 2022 | 187.11 | 23.32 | _____ |
| NOV 2022 | 187.11 | 23.32 | _____ |
| DEC 2022 | 187.11 | 23.32 | _____ |
| JAN 2023 | 187.11 | 23.32 | _____ |
| FEB 2023 | 187.11 | 23.32 | _____ |
| FEB 2023 | | 125.7_ | _____ |
| MAR 2023 | 187.11 | 23.3_ | _____ |

**Your Projected Escrow Account Balance as of 03/31/22** _____ be $1,184.58.

This means you have a Shortage of $410.38. Per Federal law _____ month's deposit. If so, we may require payment within 30 da_____ Once during this period, your Required Escrow Account B_____ cushion selected by us as allowed by your loan contract. _____

